## Commonwealth *v.* Zeigler, Appellant.

Argued October 1, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*W. Burg Anstine,* with him *Anstine & Shadle,* for appellant.

*Harold B. Rudisill,* District Attorney, and *Jesse L. Crabbs,* Assistant District Attorney, submitted a brief for appellee.

OPINION BY FINE, J., January 14, 1949:

Donald M. Zeigler, appellant, was convicted of operating a motor vehicle in excess of the lawful rate of speed in Hellam Township, York County, Pennsylvania, in violation of §1002 of The Vehicle Code.[1] The information charging him with the violation was sworn to on January 27, 1948, before C. B. Kline, a justice of the peace in the adjoining Borough of Wrightsville, same county. Appellant waived a summary hearing and posted bond for his appearance before the court of quarter sessions. At the hearing in quarter sessions appellant filed a motion to quash the proceedings for the reason that the information showed the date of violation to have been February 27, 1948, whereas it was sworn to on January 27, 1948. The court below granted the Commonwealth's motion to amend the in-

---

[1] Act of 1929, P. L. 905, Art. X, §1002, as last amended by the Act of 1947, P. L. 399, §§1 and 2, 75 PS §501.

formation to conform to the proofs adduced which revealed February 27, 1948, was an obvious typographical error. Appellant was adjudged guilty and sentenced to pay a fine and costs.

Appellant contends that the court below erred in (1) granting the Commonwealth's motion to amend the information to conform to the proofs and (2) refusing to dismiss the proceedings for lack of jurisdiction in view of the fact that the information was not lodged with the nearest available magistrate in accordance with §1201 of The Vehicle Code.[2]

The court below committed no error in amending the information to conform with the proofs. The variance of dates was not material since time is not of the essence of the offense charged and appellant was not in any way prejudiced in his defense upon the merits. *Commonwealth v. Syren*, 150 Pa. Superior Ct. 32, 27 A. 2d 504; *Commonwealth v. Wiswesser*, 124 Pa. Superior Ct. 251, 188 A. 604; *Commonwealth v. Bridges*, 82 Pa. Superior Ct. 92; *Commonwealth v. Coleman*, 60 Pa. Superior Ct. 512.

Nor is there merit in appellant's position that the court below lacked jurisdiction because the information was not lodged before the nearest available magistrate in accordance with § 31 of The Vehicle Code. This question was not raised in the court below. There was direct evidence in the Commonwealth's case by Edward Hermansky, the arresting officer, that C. B. Kline was the nearest available magistrate and acted ". . . in the absence of a duly acting magistrate in the Township of Hellam, where the violation occurred." The transcript showing that he was the nearest available magistrate was not contradicted by any evidence. The quarter sessions court quite properly ascribed regularity to the proceedings before the magistrate.

---

[2] Act of 1929, P. L. 905, Art. XII, §1201, as last amended by the Act of 1939, P. L. 1135, §31, 75 PS §731.

Notwithstanding appellant's failure to assign the final judgment and sentence of the court below as error, which is of itself fatal on this appeal, his contentions have been considered and found to be without merit.

Judgment and sentence affirmed.