## Hergert Appeal.

Argued January 3, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*H. E. Potter,* with him *James Patterson,* and *Moorshead, Potter, Doerr & Hilferty,* for appellant.

*Harry F. Stambaugh,* Special Counsel, with him *Herbert B. Cohen,* Attorney General and *Samuel M. Tollen,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE:

Frederick Hergert appeals from a judgment of the Court of Common Pleas of Delaware County suspending his automobile operator's license for a period of ninety days. The court below made the following findings of fact: "1. Appellant was travelling on the Pennsylvania Turnpike in Allegheny Township, Somerset County, Pennsylvania, where the speed limit was posted at 60 miles per hour. 2. The weather was clear, the road was dry and the highway was curved and winding. 3. Appellant was employed by the Singer Sewing Machine Company, Industrial Division, and needs his automobile to transport his tools, which he uses as a service man for this Company. 4. Appellant is the sole support of his family. 5. Appellant has been driving an automobile for 33 years and has never had an accident. 6. Appellant was travelling 75 miles per hour when he was clocked and then stopped by a

State patrolman. 7. Appellant admits that he was exceeding the posted speed limit."

These findings are sufficiently supported by the testimony. As stated by the learned hearing judge: "At the hearing on the appeal, the State Trooper testified Hergert was travelling 75 miles per hour on the Pennsylvania Turnpike, where the speed limit was posted at 60 miles per hour. The appellant admits he was exceeding the speed limit but contends that the appeal should be sustained (1) because he was not driving in a careless and reckless manner and did not endanger the life or property of any person, (2) it will be a great hardship for the appellant to lose his license as he is a serviceman for Singer Sewing Machine Company, Industrial Division, and has to carry tools in his automobile and (3) the Secretary of Welfare (sic) is without authority to suspend an operator's license for exceeding the speed limit fixed by the Pennsylvania Turnpike Commission."

In *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, we decided that in appeals from the action of the Secretary of Revenue suspending an automobile operator's license, the hearing in the court of common pleas is *de novo;* where such testimony is undisputed, but there are submitted extenuating facts and circumstances, the exercise of the hearing judge's discretion will not be disturbed.

On a Sunday afternoon appellant was driving at the rate of 75 miles an hour on the Pennsylvania Turnpike where the posted speed limit was 60 miles per hour. This was a manifest violation of Section 1 of the Act of April 15, 1941, P. L. 17, No. 10, 75 PS §501 (b) (7), which prescribes maximum speeds for the Turnpike. Having thus violated The Vehicle Code, appellant became subject to the suspension of his operating privileges as provided by the Act of May 1, 1929, P. L. 905,

sec. 615, as amended, 75 PS §192 (b) (2). While exceeding the speed limit alone might not, in the discretion of the trial judge, warrant a suspension, we cannot decide that in the circumstances of this case it was a manifest abuse of discretion by the hearing judge to suspend appellant's license for 90 days.

That the Pennsylvania Turnpike is a "highway" of the Commonwealth is not now open to question: The Vehicle Code of May 1, 1929, P. L. 905, sec. 102, 75 PS §2; *Commonwealth v. Emerick,* 373 Pa. 388, 391, 96 A. 2d 370; *Shirks Motor Express Corporation v. Messner,* 375 Pa. 450, 461, 100 A. 2d 913; *Commonwealth v. Cenis,* 51 D. & C. 665.

The judgment is affirmed.

---

PER CURIAM, March 13, 1956:

The foregoing opinion was prepared by the late Justice ALLEN M. STEARNE before his death on February 28, 1956. It is now adopted and filed as the opinion of the Court.