**Yulis _v._ Ebensburg Borough, Appellant.**

Argued November 12, 1956. Before Rhodes, P.J., Hirt, Gunther, Wright, Woodside, Ervin, and Carr, JJ.

*Clarence E. Davis*, with him *Lawrence L. Davis*, and *Davis & Davis*, for appellant.

*Edward F. Peduzzi*, with him *Myers, Taylor & Peduzzi*, for appellees.

Opinion by Ervin, J., December 28, 1956:

This is an appeal from the decree of the lower court dismissing defendant's motions for judgment n.o.v. and for a new trial.

The plaintiffs instituted an action in trespass against the defendant borough to collect damages caused by the faulty construction of a storm water sewer. The jury rendered a verdict in favor of the plaintiffs. The facts and inferences therefrom, considered in the light most favorable to the plaintiffs, as we are obliged to do, may be summarized as follows: Prior to 1948 the land was drained by an open ditch which had a small seven inch terra cotta pipe lying in it. In 1948 the defendant borough, with its own

employes, constructed a storm water sewer through land subsequently acquired by plaintiffs. The terminus of this line was at a French ditch which occupied the space of five to seven feet in length. The water was conveyed from the southern end of the French ditch by the original seven inch pipe to the main drain at the western side of State Highway Route 22. Plaintiffs purchased the property from Adolph Risaliti in 1949. During the same year, without knowledge of the existence of the storm water sewer, plaintiffs constructed a two story cement block building over said line. The plaintiffs conducted a tavern business in the first floor of this building. On May 30, 1953, during a rather heavy rainfall, the water erupted through the floor of the building, causing damage to the building and fixtures. Investigation disclosed that the water came from the French ditch which had been covered with large stones and ground. The pipe at the northern edge of the French ditch, which was exposed by excavating after the storm, was identified as a 15 inch pipe constructed by the borough. There was no pipe in the area occupied by the French ditch. The water was conveyed from the southern end of the French ditch by a seven inch pipe originally on the land. Plaintiffs contended that the borough had negligently constructed the storm water sewer in that it had failed to connect the new 15 inch line with the old line. The defendant presented evidence to show that the defendant had connected the new line to another 15 inch line then existing on the land. This issue of fact was decided by the jury in favor of the plaintiffs.

Appellant argues that the construction of the storm water sewer was a governmental function and that the borough is not liable for the negligence of its employes. No cases are cited to sustain this position. It is too

late for us to enter the gray territory which divides the functions of a municipality between acts classified as governmental and proprietary. By a long line of decisions our courts have held that municipalities are not bound to provide sewerage for the natural flow of the surface water, although they are invested with power to construct such sewers as in the judgment of the officers exercising the corporate powers are necessary and expedient. When they do adopt a plan of sewage they are not liable to answer in an action of trespass for damages resulting from the inadequacy of the sewers constructed according to the plan to meet the purpose contemplated, although they may be called upon to answer for injuries resulting from negligence in the actual work of construction or for failure to keep the work in repair after it is completed. *Cooper v. Scranton City,* 21 Pa. Superior Ct. 17, 19; *Fair v. City of Phila.,* 88 Pa. 309, 311, 312; *Haus v. Bethlehem Borough,* 134 Pa. 12, 18, 19 A. 437; *Siegfried v. So. Bethlehem Borough,* 27 Pa. Superior Ct. 456, 460; *Ringwalt v. Atglen Boro,* 49 Pa. Superior Ct. 517, 520. For a case very much in point, see *Loss v. Avalon Borough,* 276 Pa. 207, 209, 119 A. 915.

There was ample evidence in the present case to show faulty construction and this question was properly left to the jury with an adequate charge of the court.

Appellant also argues that the lower court erred in the admission of certain evidence concerning improvements made by the borough in an area north of plaintiffs' property, because of which improvements the flow of surface water was increased. The sole purpose of this testimony was to show that the increased flow of water was a means by which a latent defect in the construction of the line was discovered.

No harm resulted to the defendant by the admission of this evidence because the court very clearly charged the jury that the defendant would not be liable for the construction of an inadequate sewer line. The court clearly directed the jury that the only issue for its determination was whether the borough "was careless and negligent in the construction of the sewer in that at a point where the first floor of the building was subsequently erected the borough had terminated a fifteen inch line leaving an intervening space of approximately five or six feet without pipe, that is, in the nature of a French drain, and then constructed or allowed to remain the seven inch pipe on the other side." In its charge the lower court further said: "The law is, that a municipal corporation is not liable for damages to property occasioned by the inadequacy of the sewer constructed by it, and boroughs are not bound to provide sewerage for the natural flow of surface water, although they are invested with power to construct such sewers, and when they do adopt a plan they are not liable for damages resulting from the insufficiency in size of the sewer, although the municipality, we will tell you, is responsible or is liable for damages that would be occasioned by the negligent construction of a storm sewer."

Appellant also argues that the opinion and decree dismissing motions for judgment n.o.v. and new trial, prepared by Trial Judge H. CLIFFTON MCWILLIAMS, JR., and filed after his term had expired, are null and void. This argument was correctly disposed of in the opinion prepared by Judge GRIFFITH and concurred in by President Judge MCKENRICK. In that opinion these two judges formally adopted the opinion and decree of the court filed January 18, 1956 as the opinion of the court. This same practice has since been fol-

428

lowed by our Supreme Court. See *Hergert Appeal,* 384 Pa. 544, 547, 120 A. 2d 888.

Decree affirmed.