## Commonwealth v. Fox

*Thomas Wood*, for Commonwealth.

*W. Dorland Rouse*, for defendant.

GREEVY, J., April 29, 1959.—The Secretary of Revenue, pursuant to the authority conferred by section 615(*b*)2 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192(*b*)2, suspended the operating privileges of Maurice V. Fox for a period of three months for a speeding violation. The matter is now before us on an appeal from this action. . .

Four arguments were raised by counsel for Maurice V. Fox:

1. That the information charging Maurice V. Fox with the violation of section 1002(*c*) of The Vehicle Code was not brought before the nearest available magistrate, as required by The Vehicle Code. Counsel for Maurice V. Fox contends that the violation, if any, occurred in Blair County and not Centre County. Counsel for the Commonwealth objected to this line of questioning and the court reserved its ruling.

Section 615(*b*)2 of The Vehicle Code of 1929, as amended, authorizes the Secretary of Revenue to suspend the operating privileges of any person whenever he finds upon sufficient evidence that such person has violated the motor vehicle laws of this Commonwealth. Section 616 of The Vehicle Code, 75 PS §193, under which this appeal was taken, sets forth that the court shall take testimony and examine the facts of the case, and determine whether petitioner is subject to suspension of his operator's license. Therefore the hearing before the court is de novo to determine in the exercise of our sound discretion and in the furtherance of justice whether the license should be suspended, but

in so doing we must act in accordance with the evidence and the circumstances presented before us.

A hearing de novo was held in this matter and the question before us is a simple one, to wit, from the testimony is the operator's license of Maurice V. Fox to be suspended? If the facts support the suspension, the appeal should be dismissed. If they do not, the appeal is to be sustained.

We are not concerned as to whether or not the justice of the peace before whom the violation was brought and upon which the suspension was based, had jurisdiction. See Commonwealth v. Herzog, 359 Pa. 641; Commonwealth v. Emerick, 373 Pa. 388.

The objection made by the attorney for the Commonwealth is sustained and the motion is granted, and we strike from the record all testimony pertaining to the jurisdiction of the justice of the peace before whom the information charging the violation was brought.

2. Counsel for Maurice V. Fox objected to the admission of the certification statement identified as Commonwealth's exhibit no. 2 for identification, it being "a certified copy of the accident, arrest and revocations and suspensions record of Maurice V. Fox, coming under the certificate of O. D. Shipley, for the Secretary of Revenue, Commonwealth of Pennsylvania, and bearing the seal of the Commonwealth, which was offered not to prove this violation but to prove or establish that the discretion exercised by the representative of the Secretary of Revenue in suspending the license for a period of 90 days was not abusive and was consistent with the law and the circumstances", for the reason that such introduction does not permit cross-examination of the person that signed the certificate. Ruling was reserved in order to give counsel an opportunity to furnish authority to support his objection.

Copies of all records or papers on file in the Secretary of Revenue's office are competent evidence without production of the original, when certified under the hand and seal of the Department by its duly authorized agent, with the same force and effect as the original in all cases where the original would be admitted into evidence: Section 1221 of The Vehicle Code of 1929, as amended, 75 PS §786. The objection is overruled and the certification statement is admitted into evidence as Commonwealth's exhibit no. 2, for the limited purpose as set forth by counsel for the Commonwealth.

3. That the offense, if any, occurred on July 22, 1958, and not on July 21, 1958, as testified to by the Commonwealth witness Maxwell D. Rockwell. Maurice V. Fox testified that he was stopped by the officer on July 22, 1958, and not as testified to by the officer on July 21, 1958, and in fact he was not in either Centre or Blair Counties on July 21, 1958.

The exact time does not constitute a substantive part of the offense. Maurice V. Fox acknowledged that he was stopped by the officer and arrested on July 22, 1958. The variance of dates was not material since time is not of the essence of the violation and Maurice V. Fox was not in any way prejudiced in his hearing upon the merits. See Commonwealth v. Zeigler, 164 Pa. Superior Ct. 82.

4. That the facts as presented before the court do not substantiate a violation of section 1002 (c) of The Vehicle Code. Section 1002 (c) provides that driving commercial motor vehicles, such as was being operated by Maurice V. Fox, on highways having less than four lanes at a speed in excess of 40 miles per hour is unlawful.

By the evidence we find that Maurice V. Fox was operating his truck at a speed of 55 miles per hour, this being 15 miles per hour over the speed limit, in

violation of section 1002(c) of The Vehicle Code. It has been held in numerous decisions that the Secretary of Revenue may properly suspend a motor operator's license on the basis of unlawful speed alone. See Commonwealth v. Moogerman, 385 Pa. 256.

Under all the facts in the case the appeal must be dismissed. . .

*Order*

And now, to wit, April 29, 1959, it is hereby ordered, adjudged and decreed, that the appeal of Maurice V. Fox from the action of the Secretary of Revenue in suspending the motor vehicle operating privileges is dismissed and the action of the Secretary of Revenue in suspending such privileges for a period of three months is hereby sustained. Costs to be paid by Maurice V. Fox.