## Commonwealth v. Hartman

*Harold S. Irwin, Jr., District Attorney,* for Commonwealth.

*Hermas L. Weary* and *Hyman Goldstein,* for defendant.

JACOBS, J., March 14, 1960.—On May 30, 1959, defendant was charged before Simeon Goodfellow, a justice of the peace in Upper Allen Township, Cumberland County, with a violation of The Vehicle Code of May 1, 1929, P. L. 905. The information charges that on May 25, 1959, defendant unlawfully operated his motor vehicle on the Pennsylvania Turnpike in Upper Allen Township "on or about the hour of 6:30 P. M., E. S. T." The information charges that defendant violated section 1004 of The Vehicle Code "In that said operator did operate said motor vehicle in the left lane or passing lane for a known distance of 2 miles when it was possible and practicable to operate said motor vehicle in the right lane."

While this case is designated as an appeal in the court of quarter sessions, it is not in fact so, defendant having waived a hearing before the justice of the peace as is permitted under The Vehicle Code. At the hearing before the court it was found as a fact that defendant was operating his motor vehicle on the left side of the eastbound traffic lane on the Pennsylvania Turnpike at or about 6:30 a.m., on May 25, 1959. The court directed that certain questions of law which had been raised be argued before the court. The questions raised were agreed upon and stated as follows:

1. Is the information defective because it shows that the offense occurred at 6:30 p.m. on said date?

2. Is it a violation of article X, sec. 1004, of The Vehicle Code of May 1, 1929, P. L. 905, 72 PS §521, to drive on the left side of defendant's proper lane on the Pennsylvania Turnpike when not passing another vehicle?

The questions were argued before the court on January 12, 1960.

Section 1004 of The Vehicle Code provides as follows:

"Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, and except when overtaking and passing another vehicle."

The Pennsylvania Turnpike is a highway of the Commonwealth of Pennsylvania and as such subject to the provisions of The Vehicle Code: Hergert Appeal, 384 Pa. 544. Section 1004 of The Vehicle Code requires a person driving on the Pennsylvania Turnpike to drive on the right half of the highway and to drive as closely as possible to the right-hand edge or curb of such highway. It was defendant's duty to do this unless

he fell within one of the exceptions enumerated in section 1004. Defendant admits that it was not impracticable for him to drive near to the right edge of the turnpike and admits that he was not overtaking and passing any other vehicle. The only exception left to defendant is the argument that he was on a one-way street and therefore not required to drive as near as possible to the right-hand edge of the highway.

We are in no way impressed with defendant's argument that the eastbound lane of the Pennsylvania Turnpike is a one-way street. The words street or highway encompass the roadway running between two points. The street constituting the Pennsylvania Turnpike would thus include both double lanes. It would hardly be contended by defendant that a four-lane highway with both lanes adjoining would be a one-way street, and the mere fact that the two lanes are separated by a medial strip does not make the Pennsylvania Turnpike any different from any other four-lane highway.

Defendant contends that the information was defective because it showed that the offense occurred at 6:30 p.m. instead of 6:30 a.m. on the day in question. The offense actually occurred at 6:30 a.m. This variance was not material since time was not of the essence of the offense charged against defendant and there is nothing to show that defendant was in any way prejudiced by this error in his defense upon the merits. See Commonwealth v. Zeigler, 164 Pa. Superior Ct. 82.

### Order

And now, March 14, 1960, at 2:30 p.m., the court holds that the information in the above case is not defective because it shows that the offense occurred at 6:30 p.m. on the day in question and that it is a violation of article X, sec. 1004, of The Vehicle Code, 72 PS §521, to drive on the left side of defendant's proper

lane on the Pennsylvania Turnpike when not passing another vehicle unless it is impracticable to drive on the right side, and after hearing the court finds defendant guilty and directs him to appear before the court at 10 a.m., on Monday, April 25, 1960, being the next time set for hearing appeals from summary convictions, for sentence, unless defendant pays the costs and a fine of $10 to the probation office prior to April 25, 1960, which action shall be considered a consent by defendant to the imposition of such sentence in his absence.