**Haas License**

*Power, Bowen & Valimont,* for appellant.

*Jack Sirott,* for Commonweatlh.

FULLAM, J., December 29, 1961.—On November 3, 1961, we filed an opinion and order in the above case, reversing the order of the Secretary of Revenue suspending appellant's operating privileges. Since then, a deputy attorney general of the Commonwealth has, by letter, informally requested that we reconsider this ruling, in the light of the decision of the Superior Court in Hall Motor Vehicle Operator License Case, filed November 16, 1961, 196 Pa. Superior Ct. 346; and counsel of record for the Commonwealth in the present case has joined in this request. We have therefore decided to file this supplemental opinion.

As set forth in our original opinion, our order of November 3, 1961, was based solely upon our findings of extenuating circumstances and mitigating factors, and not upon any theory that we had a right to inquire anew into the guilt or innocence of defendant in the Illinois prosecution. The suggestion that the Hall decision requires or encourages a different result in the present case can be valid only if the Hall case is construed as holding that mitigating and extenuating

circumstances can no longer be considered by the reviewing court in license suspension appeals. No such interpretation is fairly deducible from the opinion of the Superior Court.

In point of fact, the question of mitigation or extenuation was not involved in the Hall case, and, naturally enough, was not mentioned in the opinion. The court simply pointed out that under section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, governing suspensions for out-of-State convictions, the Secretary may suspend on the basis of notice of conviction, whereas under section 618(b) (2), relating to Pennsylvania violations, the Secretary may suspend only upon proof that the operator has in fact committed a violation (irrespective of whether he has been convicted, or even prosecuted, for the offense). Accordingly, in out-of-State situations, the question is whether appellant was convicted in the foreign jurisdiction, and not whether he committed a violation in the foreign jurisdiction. As has been frequently pointed out by the Superior Court, the difference in the wording of the two sub-sections is a clear manifestation of an understandable desire on the part of the legislature to avoid requiring the importation of witnesses from the foreign jurisdiction in order to prove the violation.

But the duty of this court to hold a hearing de novo, and our right to consider mitigating and extenuating circumstances, are based, not upon any of the provisions of section 618, but rather upon the provisions of section 620, which are clearly applicable to *all* suspension appeals, irrespective of the basis of the suspension. The propriety of considering mitigating circumstances, under the provisions of section 620 (and its corresponding section, section 616, in the 1929 Vehicle Code) is firmly established in an unbroken line of cases going back to Commonwealth v. Funk, 323 Pa.

390, 399 (1936). In Commonwealth v. Wagner, 364 Pa. 566 (1950), in a footnote at page 569, are cited no less than 11 Supreme Court decisions to that effect, and there have been probably as many more since the Wagner decision, including, for example, Commonwealth v. Strobel, 378 Pa. 84 (1954), Commonwealth v. Emerick, 373 Pa. 388 (1953); Hergert Appeal, 384 Pa. 544 (1956). This principle has been reasserted and followed by the Superior Court, also, as recently as Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 386 (1960), significantly, a case involving an out-of-State conviction. Moreover, as noted by the Supreme Court in the Wagner case, supra, at pages 569-570, this interpretation of the statutory language of section 620 has been sanctioned by the legislature itself.

Accordingly, to accept the Commonwealth's contention in the present case, and hold that this court was not vested with discretion in the premises, and lacked the power to consider factors of mitigation and extenuation, would require us to disregard all of the appellate decisions cited above. This is a step we do not propose to take, and we do not believe that any intention to do so in the Hall case should lightly be imputed to the Superior Court.

It may well be that in many, perhaps most, cases involving out-of-State convictions, it would constitute an abuse of discretion to base a reversal of a suspension order upon testimony of appellant which is in conflict with the record or notice of conviction. In the present case, however, appellant's testimony as to the circumstances of the violation was entirely corroborated by the records introduced by the Commonwealth. The same is true as to appellant's previous driving record.

For the reasons set forth in this supplemental opinion, and also for the reasons set forth in the supple-

mental opinion filed by Judge Monroe in the case of Appeal of Joseph G. Whinney, IV, no. 162 March term, 1961, 12 Bucks 92, we are satisfied that the Hall case does not affect the disposition of the present case, and we therefore decline to reverse or modify our order of November 3, 1961, in this case.