## Commonwealth v. Lavine

*Edward M. Bell,* for Commonwealth.

*Bernard Goldstone,* for defendant.

McKAY, J., November 13, 1962.—Defendant was prosecuted for operating his motor vehicle in East Lackawannock Township, Mercer County, on July 27, 1962, at a speed of 67 miles per hour. He moved to quash the information before the Justice of the Peace Alex Elliott, and his motion was overruled. He then waived a hearing, and when his case was called for trial, he renewed his motion in this court.

The first and principal ground alleged is that the information is defective in that, although the arrest was based upon a determination of speed by the use of radar apparatus, the information does not contain all the four requirements of a valid conviction when radar apparatus is used, as specified in subsection (d.1) (1) of the amendment to The Vehicle Code of April 28, 1961, P. L. 108, sec. 2.

The portion of the subsection relied upon reads:

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless— (i) it is of a type approved by the secretary, and (ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and (iii)

official warning signs have been erected on the highway by the proper authority indicating that radar is in operation; (iv) the speed recorded is six or more miles per hour in excess of the legal speed limit."

The information is very lengthy and avers that the signs "Radar Enforced" were erected along the highway where the violation occurred, that the radar speed meter was tested for accuracy by an official testing station on July 25, 1962, and that the speed recorded is over six miles in excess of the legal speed limit and thus complies with items (3) and (4), and part of item (2) of the four requirements referred to above. It does not aver that the apparatus is of the type approved by the secretary, or that it has been calibrated and found accurate.[1] It is the absence of these two averments that

[1] The information reads as follows:

"Commonwealth versus Joseph Lavine    Address St. No. R. D. #3    City Mercer, Pa.    Occupation    Age    Nationality    Commonwealth of Pennsylvania County of Mercer ss    Before me, a Justice of the Peace, or Alderman,

"In and for the County and State aforesaid, personally appeared Joseph M. Albani who being duly sworn according to law deposes and says: That within the County of Mercer, Pennsylvania, and within two years last past, to-wit: on the 27th day of July, 1962, at about 1:30 o'clock A.M. Est of the said day, Joseph Lavine, Defendant, above named, owner or driver of a Buick Sedan Bearing Pennsylvania registration plate or plates no. 55803C for 1962, validating sticker no. 698788 for 1962, did unlawfully operate said motor vehicle upon a STATE public highway, route no 19 which was legally posted with speed signs to which were affixed additional signs bearing the words "RADAR ENFORCED," in that the above named defendant did while traveling in a North direction on said highway then and there operate said motor vehicle at a speed of 67 miles per hour, when the rate of speed as legally posted for this particular type and class of motor vehicle at the place of violation is 50 miles per hour. This is in violation of paragraph 6, Sub-section B, Section 1002, Article 10 of Act no. 32, P.L. 1959 as amended. The rate of speed of this motor vehicle was timed by officers of the Pennsylvania State Police through the use of an Electro-Matic Radar Speed Meter, Serial No. 5068 which was tested for accuracy

defendant contends renders the information defective. Accordingly, if it is requisite for a valid information that it aver compliance with all four of the requirements for conviction when radar apparatus is used, the information before us is defective and must be quashed as defendant insists.

However, the section of the amendment upon which defendant relies neither specifically requires nor implies that all or any of the four items shall be set forth in the information. It merely provides that *no conviction* shall be had upon evidence obtained through the use of radar apparatus unless the four items appear. Thus, it merely specifies what evidence, in addition to proof of the commission of the offense, is necessary to support a valid conviction when a radar device is used to detect speeding.

What defendant actually contends is that the information, in addition to averring the essentials of the offense, must specify the evidence relied upon to sustain the complaint. This is not the law.

In Commonwealth v. Buccieri, 153 Pa. 535, 547, the court stated:

"Here, the indictment set out all the law demanded; a bill of particulars could give the prisoner no informa-

by an official RADAR SPEED METER TESTING STATION on 7-25-62, which is within thirty days prior to the alleged violation as required by law. This information contained herein was received from Trooper Andrew Shayka of the Pennsylvania State Police and is believed by the complainant to be true and correct. Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant Joseph Lavine shall be arrested and held to answer this charge, and further deponent saith not.

"Contrary to the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

"Sworn and subscribed before me this 27th day of July, A.D., 1962. /s/ Alex Elliott (SEAL)—Justice of the Peace     My commission expires the first Monday of January, 1966

"/s/ Joseph M. Albani Complainant     Street No.     Occupation Pennsylvania State Police     Town Butler Pa."

tion as to the weapon or manner of killing which he did not possess before arraignment. . . . If, by a bill of particulars, was meant a specification of the evidence to be adduced by the commonwealth, this the prisoner had no right to ask nor the court any right to direct."

While the Buccieri case was a murder case and the motion before the court was one to quash the indictment and to require a bill of particulars, the above-quoted language of the Supreme Court is equally applicable to a motion to quash the information and was directly used for that purpose by the late Judge Rowley of this court in the case of Commonwealth v. Michails, 43 D. & C. 221, at page 223.

All that is required by section 1002(e) in an information, except the reference to the pertinent section and subsection of The Vehicle Code of April 29, 1959, P. L. 58, violated and the exact speed of defendant's vehicle, charging an operator of a vehicle with exceeding the speed limit, is that the offense be set forth in terms of common parlance and that defendant be given fair notice of the nature of the unlawful act which he is alleged to have committed, including the time and place thereof:[2] Commonwealth v. Carson, 166 Pa. 179; Commonwealth v. Ayers, 17 Pa. Superior Ct. 352; Commonwealth v. Robertson, 47 Pa. Superior Ct. 472; Commonwealth v. Grego, 116 Pa. Superior Ct. 295; Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317; Commonwealth ex rel. Garland v. Ashe, 344 Pa. 407.

In Commonwealth v. Ginsberg, supra, at page 324, the court stated:

---

[2] Section 1201 of the code provides that informations which charge violations of the summary provisions of The Vehicle Code shall be in such detail as the department may prescribe as being necessary for its records. This provision, however, could not be construed to require the insertion in the information of the averments which the present defendant insists are necessary.

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient."

In the case of Commonwealth v. Kuzme, 37 Erie 325, it was held that there is no rule in any proceeding which requires that an affirmative averment must set forth the evidence on which it is based.

Accordingly, we hold that there is no merit to the first reason advanced in support of the motion to quash the information.

The second reason relied upon by defendant in support of his motion is that the information does not aver that the justice of the peace was the nearest available magistrate within the municipality to the place where the violation occurred.

What we have heretofore said relative to the first reason applies with equal force to the second. In addition, the alleged violation occurred in Lackawannock Township, in which township Alex Elliott, the justice of the peace before whom the information was filed, has his office. In that situation there is a presumption that the proceedings are regular and the burden is on defendant to show that that justice of the peace was not the nearest available magistrate: Commonwealth v. Bryan, 23 D. & C. 2d 797; Commonwealth v. Arcara, 81 D. & C. 42. While there are other decisions to the contrary, we are satisfied that the rule we have stated is the better rule.

Accordingly, there is no merit to the second reason advanced by defendant.

Finally, defendant contends that the information is defective in that the name of defendant on the information is Joseph Lavine, whereas, his true name is

Joseph Levine, and that these facts avoid the information.

Defendant does not contend that these two proper surnames stand for different persons or that he was prejudiced in any way by the error. The objection merely boils down to the fact that the draftsman of the information misspelled defendant's name by using the vowel "a" instead of the vowel "e" in the first syllable of it.

If this were an indictment, it would be amendable under the express provisions of the Act of March 31, 1860, P. L. 427, sec. 13, 19 PS §433.

While no statute specifically provides for an amendment of an information, in our opinion the difference in the spelling of the defendant's name here is so insignificant that, in the absence of prejudice, the court, under its general duty of administration of the trial proceedings has the power to allow the information to be amended and is not obligated to quash it.

In Commonwealth v. Ziegler, 164 Pa. Superior Ct. 82, defendant waived hearing on a speeding charge, and moved the court to quash the information on the ground that it showed the date of violation to have been February 27, 1948, whereas it was sworn to on January 27, 1948. In fact, and as the evidence showed, the offense was committed on January 27, 1948, and the word February was a typographical error. The court thereupon allowed the information to be amended to change the word February to January. On appeal it was held that the granting of the motion to amend was not error, the Superior Court stating at page 84:

"The variance of dates was not material since time is not of the essence of the offense charged and appellant was *not in any way prejudiced in his defense upon the merits.*" [citing cases] (Italics supplied.)

Defendant has cited in support of his position Commonwealth v. McMillin, 86 D. & C. 63. In that case, the

violation occurred October 17, 1952. On October 17, 1952, an information was filed against Dave A. McMillin, but the notice to appear was sent by mail, addressed to Dave G. McMillin. Defendant refused to receive it because his name was Dave W. McMillin. The notice was returned to the justice of the peace, whereupon the information and notice were amended to read Dave W. McMillin and the notice sent to defendant November 3, 1952, when it was received by defendant. On November 12, 1952, an entirely new information was filed against Dave W. McMillin, charging the same offense and notice thereof promptly sent to defendant. At the hearing defendant challenged the jurisdiction of the justice of the peace because the amended information was made more than 15 days after the alleged violation. Upon appeal the court sustained this position.

It is at once evident that the McMillin case is clearly distinguishable from the case before us. In the McMillin case, the initial proceeding was abandoned and a new one instituted, in which the information was filed more than 15 days after the offense. In the instant case, the justice of the peace attempted to amend the information by spelling defendant's name correctly but the new information was not signed by the prosecutor. Accordingly it is of no effect and may be ignored. The case is before us on the original information.

In the McMillin case, the court referred to two cases, Commonwealth v. Schiewe, 40 D. & C. 165, and Commonwealth v. Myers, 22 D. & C. 586, as holding that failure to notify defendant in his right name has been regarded as fatal to a summary proceeding under The Vehicle Code.

In the Schiewe case, defendant's name was misspelled in the information and for that reason he returned the notice of the filing undelivered. Subsequently, a second registered letter was mailed to him under his correct name and he received it. Thereafter

a hearing was held, at which time he appeared by attorney and entered a defense on the merits. On appeal defendant moved to quash on the ground that the notice of information filed was not sent by registered mail within seven days. The court overruled the motion on the ground that defendant had waived the irregularity by defending the case on its merits. Nowhere in this opinion does the court indicate that the misspelling of defendant's name was a ground for quashing the information. At most the case discloses that the alderman decided that it was prudent for him to send a second notice in which defendant's name was spelled correctly. Needless to say, this case decides nothing that is authority in the instant case.

In Commonwealth v. Myers, supra, the registered letter was addressed to G. E. Myers, when defendant's name was G. C. Myers, and defendant refused to receive it. The record did not show that the notice was sent within seven days and Judge Hargest, who presided at the trial on appeal, entered judgment for defendant. There is nothing in the opinion that deals with the question whether an information may be quashed merely because defendant's name is misspelled. The record did not show that any notice of the information was sent to defendant within seven days or that it contained a notice to appear within ten days. The entire opinion deals with the question whether defendant had waived the right to question the jurisdiction of the justice by waiving a hearing to court, and it was held that he did not. All that the record showed was that the information was made, a warrant was issued and that defendant waived hearing to court and the opinion stated, at page 587:

"It is very apparent that the aldermen's record fails to show the essential elements which would give him jurisdiction."

As in the Schiewe case, the Myers case merely stands for the proposition that waiving a summary hearing does not waive the jurisdictional requirements in a motor vehicle violation and is no authority for defendant's present position.

### Order

Now, November 13, 1962, it is ordered that the motion of defendant to quash the indictment in the above entitled case is overruled.