## Commonwealth v. Ellsworth

*William Morgan,* Assistant District Attorney, for Commonwealth.

*Rockwell O'Sheill,* for defendant.

WOLFE, P. J., April 26, 1972.—This is an appeal from defendant's conviction for violation of section 1002(b)(6), 75 PS § 1002(b)(6), of The Vehicle Code.

The only and sole reason advanced to quash the complaint is the arresting officer indicated on the traffic citation the violation occurred on May 5, 1971, when, in fact, the alleged violation occurred on June 5, 1971. At the magistrate's hearing, the Commonwealth moved to amend the complaint to indicate the violation on the latter date over defendant's objection and which was overruled and a hearing held on the merits with the result of a conviction.

Defendant argues the complaint violates Pennsylvania Rule of Criminal Procedure 104(4)(b), providing every complaint shall be substantially in the form set forth in rule 105, which dictates: "If the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth."

Defendant argues that since the Commonwealth acknowledges the incorrect date on the citation, it must, therefore, be dismissed. With this, we cannot agree in face of the holding of Commonwealth v. Zeigler, 164 Pa. Superior Ct. 82 (1949), a parallel case to the instant case for violation of section 1002 of The Vehicle Code. In Zeigler, appellant filed a motion to quash for the reason the information showed the date of the violation to have been February 27, 1948, whereas it was sworn to as occurring on January 27, 1948. The court held the variance of dates was not material, since time is not of the essence of the offense charged and appellant was not in any way prejudiced in his defense upon the merits, and cases therein cited.

Zeigler was followed in Commonwealth v. Fox, 18 D. & C. 2d 564 (1959), wherein defendant was charged with violation of section 1002(c), and the court therein held the exact time does not constitute a substantive part of the offense.

We held rule 104 does not materially change the holdings of these cases as these rules are remedial only and are not substantive in nature. Indeed, rule 104 subsection (4)(a) provides if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations.

In the current case, defendant does not argue he was not speeding on June 5, 1971, nor does he advance any other alibi or defense that would compel the date to be of the essence of the crime.

Defendant in this case is in no way prejudiced by conforming the proof to the evidence and we, therefore, make the following

## ORDER

And now, to wit, April 26, 1972, defendant's motion to dismiss the complaint is denied and judgment is entered on the verdict. Exceptions to defendant.