## Johns v. City of Washington

*Sanford S. Finder,* for plaintiffs.
*Wray G. Zelt, III,* for defendant.

RODGERS, *J.,* April 19, 1982—Plaintiffs, owners and tenant of premises on Hall Avenue, in the City of Washington, Pa., in their complaint, as amended, claimed that the City of Washington was liable for property damage caused by defendant's storm sewer system which had become so flooded on or about May 12, 1979, during a rain storm that it had caused the storm water to run against and into plaintiff's building and foundation, requiring repair, and causing damage to both real and personal property.

At a nonjury trial before Judge Sweet, plaintiffs proved that the tenant, Shuman, had lived at 105 Hall Avenue for about thirteen years before May 12, 1979; that about ten or twelve times during those years, storm water had backed into their basement, because defendant's public sewers were filled with dirt and mud, and unable to carry away these storm waters; that on many occasions both the owners and tenant requested the city to correct the problem; that on only one occasion, during this entire period, the city had responded and removed large quantities of dirt from the public sewer in front of plaintiff's home; that on the afternoon of May 12, 1979, during a heavy rain storm, water had backed into their basement to a depth of about two or three feet; that a manhole cover in the public sewer above plaintiffs' house had been blown off by the storm water, and was shooting several feet into the air; that the storm water had overrun the street curbs, and had knocked down a portion of the basement front wall of plaintiffs' home; and that it had required several hours for the city to pump the water from plaintiffs' basement, leaving behind several tons of mud.

Judge Sweet bifurcated the issues of liability and

damages. Defendant city offered no testimony upon completion of plaintiffs' case.

On February 8, 1982, Judge Sweet found on the issue of liability in favor of plaintiffs and against defendant, stating:

"If a settlement cannot be reached, a hearing will be set to determine damages."

On February 15, 1982, defendant filed a motion for judgment notwithstanding the verdict claiming, inter alia, that plaintiffs had failed to show any breach of duty by defendant; had failed to show any acts or omissions of negligence; and that the municipality, as a matter of law, was not liable for damages caused as a result of the inadequacy of its sewer system.

Pa.R.C.P. 1038 (d) says this:

" . . . matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante verdicto, in arrest of judgment or to remove a non suit may be filed."

Defendant's post trial motion for judgment n.o.v. is a clear violaton of the rule. However, in view of the decision of the Supreme Court in Pomerantz v. Goldstein, 479 Pa. 175, 387 A. 2d 1280 (1978), this court will dispose of defendant's motion on its merits.

Defendant relies on the case of Yulis v. Ebensburg Boro., 182 Pa. Superior Ct. 423, 128 A. 2d 118 (1957), for the principle that a municipality is not liable for damages resulting from the inadequacies of sewers constructed according to the plan of sewage adopted. In Yulis, the Superior Court upheld a verdict for plaintiffs on the grounds that the municipality was liable for injuries resulting from

negligence in the actual work of construction or for failure to keep the work in repair after it is completed. Defendant also points to earlier cases such as Strauss v. Allentown, 215 Pa. 96, 63 Atl. 1073 (1906), which held that a municipality is not liable to a property owner for the increased flow of surface water onto his property, arising from changes in the character of the surface, produced by the opening of streets, and building of houses, in the ordinary and regular course of expansion of the city.

In the case of Breiner v. C & P Home Builders and the Borough of Albertis, 69 D. & C. 2d 518 (1974), the Lehigh County Court cited Strauss only for the proposition that suits against municipalities, arising by reason of surface water damage would be dismissed in the absence of showing of negligence; and pointed out that Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973), had made municipalities liable for the negligence of its employees.

When the case reached the Federal courts, Breiner v. C & P Home Builders, Inc., 398 F. Supp. 250 (1975), the court found that under Pennsylvania law a borough that had not participated in actual development, but had negligently failed to enforce its land sub-division ordinance concerning provisions for surface drainage by private developers, was liable to plaintiff who owned land in the township adjoining the borough; and further pointed out (398 F. Supp. 254 Fn. 5) that a municipality may be liable even where it does not artificially collect and channel surface drainage, for unreasonable increases in surface water runoff as well as for artificial diversion, on the basis of the holding in Westbury Realty Corporation v. Lancaster Shopping Center, Inc., 396 Pa. 383, 152 A. 2d 669 (1959).

Under the provisions of the Political Sub-divisions

Torts Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq., now 42 Pa. C.S.A. §8541 et seq., a municipality is liable for:

"A dangerous condition of the facilities of . . . sewer . . . systems owned by the local agency and located within rights of way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

53 P.S. §5311.202 (b) (5) §202 (a) of the 1978 Act, now 42 Pa.C.S.A. §8542 (a), made the municipality liable if damages would be recoverable under common law or a statute if the injury were caused by a person not having governmental immunity, and if the injury was caused by the neligent acts or omissions of a municipality or an employee thereof acting within the scope of his duties.

In the case of Marlowe v. Lehigh Township, 64 Pa. Commonwealth Ct. 587, 441 A. 2d 497 (1982), the Commonwealth Court held that, not only may a township be liable for negligent design or repair of a storm water system, but also on the grounds that the township had altered the natural flow of surface water by concentrating it in an artificial channel and discharging it upon the land of another.

In the case of Marlowe v. Lehigh Township, _____, 441 A. 2d _____, 497 (1982), the Commonwealth Court held that, not only may a township be liable for negligent design or repair of a storm water system, but also on the grounds that the township had altered the natural flow of surface water by

concentrating it in an artificial channel and discharging it upon the land of another.

The evidence before the trial judge supported a finding that the city had been negligent in maintaining a dangerous condition of its sewer system after actual notice and also that plaintiffs' damages were caused by defendant artificially concentrating storm water runoff onto plaintiffs' property.

Defendant claims in its brief that damage to plaintiffs' property was:

"probably the '100 year' rainfall that occurred in the Washington area at about the same time of the incident in question"

but offered no evidence whatsoever in this case. Plaintiff tenant on the other hand testified that during a period of about twelve years, the public sewer system had caused flooding on plaintiffs' premises ten or twelve times, and that, despite frequent complaint, both by the owners and tenant, on only one occasion during all of those years had defendant city removed any dirt or performed any maintenance work on its storm water system in the vicinity. Under all the evidence produced by plaintiffs, the legal cause of the damage to plaintiffs' property was a factual issue for the trier of fact, and supported a finding in favor of plaintiffs.

## ORDER

And now, April 19, 1982, defendant's "Motion For Judgment Notwithstanding The Verdict" is dismissed, and the prothonotary is directed to enter judgment in favor of plaintiffs, Alfred Johns, Jennie Johns, William Johns, Emma Johns, Thelma Dezelan and Carolyn Shuman, and against defendant, City of Washington, on the issue of liability, only.