648 A.2d 524

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**George WETTON, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth SCHWARTZ, Appellant.**

Supreme Court of Pennsylvania.

Sept. 30, 1994.

Reargument Denied Oct. 3, 1994.

Thomas Colas Carroll, Philadelphia, for Wetton.

Stanford Shmukler, Edward Reif, Philadelphia, for Schwartz.

Andrea F. McKenna, Harrisburg, for the Com.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPPADAKOS, CAPPY and MONTEMURO, JJ.

### OPINION

PER CURIAM.

This matter was decided by an Order, entered March 10, 1994, stating, "The Court being equally divided, the Order of the Superior Court is affirmed." Voting in favor of affirmance were Mr. Chief Justice Nix, Mr. Justice Papadakos, and Mr. Justice Montemuro; in favor of reversal were Mr. Justice Flaherty, Mr. Justice Zappala, and Mr. Justice Cappy. The Order also contained a notation indicating that "Mr. Justice Montemuro, who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice."

On March 24, 1994, the Appellees filed an Application for Reargument pursuant to Pa.R.A.P. 2542. This Application also included at the outset, as an alternative claim for relief, a pleading identified as a "Motion for Disqualification or Recusal of Mr. Justice Montemuro."[1] The essence of the Motion is that Mr. Justice Montemuro was without lawful authority to participate in the decision of the case. The Appellants thus suggest that his vote should be disregarded, and our Order of March 10, 1994, should be corrected to indicate that the Order of the Superior Court is reversed, since three Justices voted to reverse and two voted to affirm.

The Appellants make a two-fold attack on Mr. Justice Montemuro's authority. In addition to challenging the Court's action in assigning him as a Senior Justice, they make an alternative argument disputing his ability to participate as a

---

1. The Application for Reargument is being decided by separate Order filed this same day.

Senior Justice in the decision of a matter that was argued when he was serving a term as an appointed Justice and had not been decided before that term expired.

We begin by observing that this Motion for Disqualification or Recusal is extremely unusual. In practically all other situations, a disqualification or recusal motion is properly directed to and decided by the jurist whose participation is challenged, *Goodheart v. Casey,* 523 Pa. 188, 565 A.2d 757 (1989); *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 489 A.2d 1291 (1985); *Crawford's Estate,* 307 Pa. 102, 160 A. 585 (1932). Due to the unique nature of the argument, however, this Motion is correctly addressed to the entire Court, because it is based not on questions about Mr. Justice Montemuro's ability to decide the case in a fair and impartial manner, but on questions about the Court's authority to assign him as a Senior Justice and the relationship between such an assignment and his previous term by appointment of the Governor to fill the vacancy created upon Mr. Justice McDermott's death.

The Appellants first argue that since Mr. Justice Larsen has not been removed from office pursuant to either Article V, Section 18 (judicial discipline) or Article VI, Section 6 (impeachment) of the Pennsylvania Constitution, there is no vacancy to which Mr. Justice Montemuro could be appointed.[2] They characterize his assignment as creating an eighth seat on the Court, contrary to Article V, Section 2(b) of the Pennsylvania Constitution, which specifies that the Court "shall consist of seven justices". They also argue that even if there were a vacancy, the power to fill vacancies is reserved to the Governor, Article IV, Section 8(b); Article V, Section 13(b).

The Appellants are correct in asserting that only the Governor has authority to fill a vacancy. They have also correctly discerned that Mr. Justice Larsen's suspension pursuant to the Order entered at No. 127 Judicial Administration Docket

**2.** It is noted that this Application was filed on March 24, 1994, prior to the June 13, 1994 Judgment of Sentence of the Court of Common Pleas of Allegheny County, which ordered Mr. Justice Larsen's removal from office as part of the sentence imposed for his convictions.

No. 1 did not create a vacancy. These points, however, are entirely irrelevant to the question at hand.

Mr. Justice Montemuro is sitting by designation as a Senior Justice. Article V, Section 16(c) of the Pennsylvania Constitution provides that

> A former or retired justice or judge may, with his consent, be assigned by the Supreme Court on temporary judicial service as may be prescribed by rule of the Supreme Court.

This is the only reference in the Constitution to the assignment of senior judges.

Statutory provisions relating to senior judges are found in the Judicial Code, Title 42 of the Pennsylvania Consolidated Statutes. In the definitions section, Section 102, the following are specifically defined:

> **"Judge."** Includes a justice of the Supreme Court. Except with respect to the power to select a president or administrative judge, to appoint and remove the administrative staff of the court and to adopt rules of court and other similar matters, the term includes a senior judge.

> **"Senior judge."** A former or retired judge who shall not have been defeated for reelection and shall have served as a judge (whether or not continuously or on the same court) by election or appointment for an aggregate of at least ten years and any duly elected judge having an aggregate of six years of service as a judge who is required to retire at age 70 and who, with his consent, is assigned on temporary judicial service pursuant to section 4121(b) (relating to assignment of judges).

Section 4121 provides for the temporary assignment of judges in two parts. Subsection (a) deals with the temporary assignment of active judges:

> **(a) General rule.**—Subject to general rules any judge may be temporarily assigned to another court and may there

hear and determine any matter with like effect as if duly commissioned to sit in such other court.

Subsection (b) extends this rule to senior judges:

**(b) Senior judges.**—A senior judge may, with his consent, be assigned on temporary judicial service pursuant to subsection (a).

[Subsection (c) states an exception not relevant to this inquiry.]

The Rules of Judicial Administration treat the subject of Assignment and Transfer of Judges in Chapter 7. Rule 701(a) repeats the definitional requirements as found in 42 Pa.C.S. § 102, and indicates that a former or retired judge shall file with the Administrative Office a statement of the period during which he is willing to be assigned. Other relevant portions of Rule 701 are as follows:

**(d) Request for the Assignment of Additional Judges.** Whenever the president judge of a court is of the opinion that the assignment of one or more judges to his court on temporary judicial service is necessary and proper for the prompt and proper disposition of the business of the court, he shall transmit a written request for judicial assistance to the Administrative Office.

**(e) Recommendation by Administrative Office and Action by the Chief Justice.** The Court Administrator shall recommend to the Chief Justice, and the Chief Justice, when he deems it appropriate too so may, by order, effectuate the assignment of any retired or former judge consenting thereto or any active judge to temporary judicial service on any court to fulfill a request made by the president judge thereof or when, by reason of case inventories or in the interest of justice, additional judicial assistance is required by any court.

**(f) Duration of Order of Assignment.** Unless otherwise provided in the order of assignment, the order shall continue in effect after its stated expiration date, if any, for such further time as may be required to complete unfinished business pending before the assigned judge on such date.

**(g) Restrictions on Temporary Assignments.** Except when required to take the place of a judge who is disqualified or has disqualified himself or is otherwise unavailable or under other appropriate circumstances, no judge shall be assigned under this rule to any court while any judge thereof is assigned to another court under this rule.

Nothing in the language of the foregoing sources acts as an impediment to the assignment of a former or retired judge or justice on temporary judicial service to the Supreme Court. The Constitution provides that such service is "as may be prescribed by rule of the Supreme Court." The statute indicates that assignment of judges, including senior judges, is "subject to general rules." Thus Pa.R.J.A. 701 is controlling. Subsection (d) of that Rule authorizes a president judge to request such assignment where he believes such "is necessary and proper for the prompt and proper disposition of the business of the court." More broadly, subsection (e) authorizes the Chief Justice to assign a judge on temporary judicial service "on *any* court" to fulfill a request by a president judge "or when, by reason of case inventories or in the interest of justice, additional judicial assistance is required by *any* court." (Emphasis added.)[3]

**3.** The Appellants also argue that Mr. Justice Montemuro was not properly assigned under Pa.R.J.A. 701 in that the "Request for Assignment of Judge" form at Judicial Assignment Docket No. 94 R1800 was submitted by the Court Administrator, not the Chief Justice. While Rule 701(d) does authorize the president judge of a court to request the assignment of a judge on temporary judicial service, Rule 701(e) provides in the disjunctive for an appointment to fulfill such a request *or* "when by reason of case inventories or in the interest of justice, additional assistance is required. . . ." Thus the absence of a request by the Chief Justice (the president judge of the Supreme Court) is of no consequence.

The Appellants also assert a procedural flaw in the fact that the order was signed by Mr. Justice Zappala, not Mr. Chief Justice Nix. Suffice it to say that the Court acts as a collegial body, and any member of the Court may act on behalf of the Court when delegated by the Court to do so. The Constitution invests in *the Court* the power to assign former or retired judges on temporary judicial service. Although Pa.R.J.A. 701(e) speaks of the Chief Justice "effectuat[ing] the assignment," there is no impediment to any other Justice carrying out the will of the Court by signing the Order.

■ The Appellants' assertion that assignment of a former or retired justice on temporary judicial service to the Supreme Court creates more justices than are legally authorized is readily refuted by examining longstanding practice with respect to the other courts. With each of these lower courts, it has never been considered that the assignment of senior judges on temporary judicial service constitutes an unauthorized expansion of the membership of the courts beyond the number prescribed by the legislature.[4] Thus some senior judges serve in a virtually continuous manner.

Although the constitution establishes the number for the Supreme Court and not for the other courts, it directs that the numbers of those courts be provided by law, and the law enacted under this authorization establishes specific numbers. Since senior judges have not been "counted against" the total number of judges making up any of the lower courts, there is no reason in logic why they should be counted against the number of justices constituting the Supreme Court. The source of the number, constitution or legislation, does not offer a distinction requiring a different result.

■ This having been said, it must be recognized that the Supreme Court has a unique place in the Commonwealth's system of government that is not shared by the other courts. In the Supreme Court is reposed "the supreme judicial power of the Commonwealth." Article V, Section 2(a). Thus prudence dictates that the Court's general power to use senior judges when necessary "in the interest of justice" must be exercised with the highest regard for the Constitution's specific provisions as to the number and qualifications of the Court's

---

4. Article V, Section 3 of the Pennsylvania Constitution, dealing with the Superior Court, states that that court "shall consist of the number of judges, which shall be not less than seven judges, . . . as shall be provided by this Constitution or by the General Assembly." Sections 4 and 5, dealing with the Commonwealth Court and the courts of common pleas respectively, state that they shall consist of the "number of judges as shall be provided by law." The legislation establishing the number of judges for each court is found in the Judicial Code. Section 541 provides that "The Superior Court shall consist of 15 judges." Section 561 provides that "The Commonwealth Court of Pennsylvania shall consist of nine judges."

members. Only in the most unusual of circumstances, such as the indefinite unavailability of a member of the Court, is it appropriate for the Court to assign a Senior Justice on temporary service to this Court.

Having addressed the challenge to Mr. Justice Montemuro's assignment as a Senior Justice, we turn to the Appellants' argument that he could not participate as a Senior Justice in a case that had been argued during his term as an appointed Justice. The Appellants cite *Hergert Appeal*, 384 Pa. 544, 120 A.2d 888 (1956), and *Yulis v. Borough of Ebensburg*, 182 Pa.Super. 423, 128 A.2d 118 (1956), for the proposition that a judge's powers are extinguished at the expiration of his term, and while his findings may be adopted by the remaining judges of a court, a vote of a judge whose term has expired has no independent effect.

In *Yulis*, a challenge was made to an opinion and decree dismissing motions for judgment n.o.v. and new trial prepared by the trial judge and filed after the expiration of his term. Superior Court rejected the challenge because the opinion and decree had thereafter been formally adopted by two judges as the opinion of the court. In *Hergert Appeal* (as with several other cases filed at approximately the same time), the Opinion bore the name of Mr. Justice Allen M. Stearne. Appended to the Opinion was the following:

PER CURIAM, March 13, 1956:

The foregoing opinion was prepared by the late Justice ALLEN M. STEARNE before his death on February 28, 1956. It is now adopted and filed as the opinion of the Court.

384 Pa. at 547, 120 A.2d at 889.

These cases are distinguishable. They involved courts acting en banc with respect to the work of judges *who were no longer on the bench at the time of the courts' actions.* Here, Mr. Justice Montemuro remains on the bench. His assignment to the Court as a Senior Justice became effective upon the expiration of his appointed term on the first Monday in January of 1994. We perceive no difference between this

circumstance and that which exists when a judge appointed to a vacancy later wins election. The authority to act on cases heard during the appointed term does not cease with the expiration of that term, followed by a new authority that applies to cases arising after the commencement of the elected term.

For these reasons, the Motion for Disqualification or Recusal of Mr. Justice Montemuro is denied.

MONTEMURO, Senior Justice, who was an appointed Justice of the Court at the time of argument, did not participate in the consideration or decision of this matter.*

---

* Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.