387 A.2d 1280

Max and Bella POMERANTZ, Appellees,

v.

Maurice GOLDSTEIN, Individually and trading as Franco American Jewelers, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided June 2, 1978.

9. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964).

176

Robert S. Robbins, Philadelphia, for appellant.

Alan David Silverman, Philadelphia, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Maurice Goldstein, individually and trading as Franco-American Jewelers, was the defendant in an assumpsit action filed by appellees, Max and Bella Pomerantz, in the Court of Common Pleas of Philadelphia. After an arbitration award in favor of appellant, appellees filed for a trial de novo and on June 11, 1974, in a nonjury trial, the judge entered a judgment of $7,350.00 in favor of appellees. Findings of fact and conclusions of law, which are optional under Pa.R.Civ.P. 1038(b), were not made by the trial judge. On June 19, 1974, appellant filed "Defendant's Motions for New Trial," alleging seven points of error by the trial court. Appellees then filed a motion to dismiss appellant's motion, alleging that appellant did not comply with the Pennsylvania Rule of Civil Procedure 1038(d), dealing with assumpsit actions tried without a jury, which does not permit the filing of a motion for a new trial but instead permits a party to file exceptions to the court's decision. Pursuant to Pa.R. Civ.P. 1038(e), the trial court entered judgment in appellee's behalf since no exceptions had been filed. Appellant then requested the trial court to consider his original pleading as exceptions to rulings on objections to evidence and other matters occurring during the trial, permitted by Rule 1038(d). The court refused and granted appellees' motion to dismiss. The Superior Court affirmed the judgment per curiam. We granted the appellant's petition for allowance of appeal and this appeal followed.

Appellant argues that his motion for a new trial should have been treated as exceptions under Pa.R.Civ.P. 1038(d) since the motion was timely filed and specified objections to the decision of the trial court as to "rulings on objections to evidence." We agree.

Appellant's only error was in using the wrong caption. The body of the pleading complied with Pa.R.C.P. 1038(d) which states:

"Within twenty (20) days after notice of the filing of the decision, exceptions may be filed . . . to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial . . . may be filed."

The pleading was filed "within twenty days" of the decision and separate objections were "set forth precisely and without discussion." Had the pleading been properly titled, it would have been disposed of on the merits, rather than upon the erroneous caption. It has been our policy to overlook such procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." *McKay v. Beatty*, 348 Pa. 286–87, 35 A.2d 264, 265 (1944). *See also Chiara Estate*, 467 Pa. 586, 593–94, 359 A.2d 756, 760–61 (1976). The Superior Court has succinctly stated the principle: "The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure." *Godina v. Oswald*, 206 Pa.Super. 51, 55, 211 A.2d 91, 93 (1965).

We agree with appellees that the Pennsylvania Rules of Civil Procedure must be followed in order to insure the smooth and efficient operation of the judicial process. Appellees, however, in this case ask us to permit a nonprejudicial caption error to deprive appellant of his right to have his "exceptions" considered. To support this position, appellees point to Pa.R.Civ.P. 127(b), which reads:

"Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Not only do this Court's prior decisions counsel against accepting appellees' position, but the Rules themselves convince us that we should reject it. In applying the Rules of Civil Procedure, we are primarily guided by the policy embodied in Rule 126, which specifically provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. *The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.*" (Emphasis added.)

Rule 126 not only expresses the reasons why our rules are to be liberally construed—to ensure that justice is accorded the parties to a lawsuit—but also permits us to disregard procedural errors which do not affect substantial rights.

We therefore reverse the order of the Superior Court, vacate the order of the trial court dismissing appellant's "exceptions" and remand the case to the trial court to consider appellant's motion as properly filed exceptions and to enter a final disposition thereon.

PACKEL, former J., did not participate in the decision of this case.

ROBERTS and NIX, JJ., concurred in the result.