## Seiple v. Pitterich

*Michael S. Barr,* for plaintiff.
*Michael P. Pitterich,* for defendant.

STRANAHAN, *P.J.,* November 20, 1984— The issue presented by this case is whether appellants, Michael and Warren Pitterich, should have their appeal reinstated to this court despite the fact that they failed to comply with the requirements of Pa.R.C.P.D.J. 1005B by filing the proof of service of the appeal one day late. We believe that appellants'

petition should be granted for the following reasons.

The facts in this case reveal that plaintiff Seiple (appellee herein) received a judgment against defendant Pitterich (appellant) before a District Justice on August 1, 1984. On August 23, appellants filed a timely notice of appeal pursuant to Pa.R.C.P.D.J. 1002. On August 29, six days later, they filed proof of service of the notice of appeal and rule in the prothonotary's office pursuant to Pa.R.C.P.D.J. 1005B. However, that rule requires that the proof of service be filed within five days of filing the notice of appeal. Therefore, appellee filed a praecipe to strike the appeal pursuant to Pa.R.C.P.D.J. 1006 for failure to comply with Rule 1005B. The prothonotary struck the appeal, and appellants petitioned the court to reinstate their appeal.

Pa.R.C.P.D.J. 1005B provides that proof of service of notice of appeal from a district justice shall be filed with the prothonotary "within five days after filing the notice of appeal." Rule 1006 provides that for failure to comply with Rule 1005B, the prothonotary shall mark the appeal striken from the record upon the praecipe of the appellee. That rule further states that "[t]he Court of Common Pleas may reinstate the appeal upon good cause shown."

The appellee argues that the appeal was properly striken because Pa.R.C.P.D.J. 1005B should be strictly construed, and because the appellant has not demonstrated "good cause" to reinstate the appeal. She relies on several cases which are essentially on point as to the facts and which hold that an appeal must be striken for failure to comply with Rule 1005B.[1] However, these cases are no longer

1. Voynik v. Davidson, 69 D.&C. 2d 267 (1975); Morin et al. v. H & L Developement Co., 25 Bucks Co. L. Rep. 108 (1974); Cluck v. Geigley, 58 D.&C. 2d 429 (1972).

controlling since the "liberalization" of the Rules of Civil Procedure, Pomerantz v. Goldstein, 479 Pa. 175, 387 A.2d 1280 (1978), and a subsequent change in the language and effect of Pa.R.C.P.D.J. 1006.

Significantly, the cases relied upon by the appellee indicate that strict compliance with Pa.R.C.P.D.J. 1005B was mandatory, Cluck, supra. Cases relying on Cluck hold that even a harsh result such as dismissal of the appeal does not overcome the duty of the court to enforce the rule, Voynik v. Davidson, supra, note 1, and that mailing of the proof of service is insufficient since the rule states that it must be filed within five days after the appeal, Morin et al. v. H & L Development Company, supra, note 1.

However, as noted, these cases were decided prior to Pomerantz v. Goldstein, supra, which instructs that sound policy requires the court to overlook procedural errors when a party has substantially complied with the requirements of a rule and no prejudice results. Pomerantz and its progeny, guided by Pa.R.C.P. 126 which permits courts to disregard procedural errors which do not affect substantial rights, counsel that niceties of procedure and pleading should never be used to deny ultimate justice. Cf. Godina v. Oswald, 206 Pa. Super. 51, 211 A.2d 91 (1965).

It is further noted that the cases cited by appellee rely, at least in part, on the official note explaining Pa.R.C.P.D.J. 1006, Striking Appeal, as it was at that time intended. The note then instucted that the rule was intended to provide sanctions for failing to act within the time limits prescribed, and that "(t)he appeal should be reinstated only under exceptional circumstances." However, subsequent to Pomer-

antz,[2] the official note was amended to delete the second sentence requiring "exceptional circumstances" to reinstate an appeal.

Cases since Pomerantz demonstrate that the five-day requirement for filing proof of service under Rule 1005B is not a jurisdictional or mandatory requirement. In Quarato v. Facelifters, Ltd., 305 Pa. Super 536, 451 A.2d 777 (1982), appellant filed a timely notice of appeal along with proof of service stating that the sender's receipts were attached pursuant to Rule 1001(9). However, the receipts were not in fact attached. The court held that since appellees did receive notice of the appeal and rule, justice would be served and the principles enumerated in Pa.R.C.P. 126 would be correctly applied if the appeal were reinstated. In Katsantonis v. Freels, 277 Pa. Super 294, 419 A.2d 778 (1980), the appeal was reinstated although the proof of service was not received by the prothonotary until the sixth day following the appeal. The court held that because Pa.R.C.P. 205.1 endorses service by mail, and because Pa.R.C.P. 126 embodies a policy to construe the rules liberally, there was no reason for a strict interpretation of Pa.R.C.P.D.J. 1005B where no prejudice to appellee was apparent or alleged.[3] Pa.R.C.P.D.J. 1005B is designed to require that service of the appeal be made within five days after the notice of appeal is filed, and to eliminate any dispute

---

2. The rule was adopted June 1, 1971, and amended September 22, 1980.

3. See also, Monroe Contract Corp. v. Harrison Square, Inc., 266 Pa. Super 549, 405 A.2d 954 (1979), holding that while willful noncompliance with procedural rules will not be condoned, neither will they be transformed into an offensive weapon designed to strike an otherwise valid claim (there dealing with the verification of pleadings requirement).

as to whether service was actually made.[4] Pa.R.C.P.D.J. 1006 provides for barring the appeal in the absence of good cause in order to ensure compliance with the requirements that service be made within five days and that the appellant have proof that such service was made.

Failure to file the proof of service of a notice of appeal is obviously not as vital to the appeal process as the filing of the notice itself. The rules recognize this by allowing reinstatement "for good cause shown" (Rule 1006) when there is failure to file the proof of service (Rule 1005B). No such power of reinstatement is granted with respect to the filing of the notice of appeal.

Thus, when an appellant has timely served the notice of appeal and there is no dispute on the issue, none of the purposes underlying Rule 1005 are served by penalizing the appellant who fails to file the proof of service within five days after filing the notice of appeal. The appellant who establishes that the notice of appeal was timely filed and who has not deliberately ignored the filing requirements of Rule 1005B should not be barred from proceeding with his appeal.

In accordance with the above principles, we believe that appellants have demonstrated "good cause" under Pa.R.C.P.D.J. 1006, and that their appeal should be reinstated. Appellants timely requested that the appeal be reinstated, and they allege that meritorious defenses do exist.[5] The delay in filing the proof of service was due to mailing the document from another county, which is sufficient cause for a one-day delay under Katsantonis v.

---

4. Hyde v. Crigler, 10 D.&C. 3d 769 (1979).
5. Eastlick, Administratrix v. Pennsylvania Power Co., 53 D.&C. 2d 779 (1971).

Freels, supra. Finally, appellees have shown no prejudice from the delay.

## ORDER

And now, November 20, 1984, the appeal in this matter is reinstated.