## Anderson v. PennDOT

*Dennis R. Sheaffer,* for plaintiff.

*Mark E. Garber Jr.* and *Carol Sherman,* for defendant PennDOT.

*Kathleen D. Wilkinson,* for defendant Griffin Products Inc.

BAYLEY, *J.,* January 20, 1987—Plaintiff commenced this suit against the above captioned defendants by a writ of summons. The named parties have been served.[1] A rule has been issued and served on each defendant to show cause why plaintiff should not be given 180 days in which to complete precomplaint discovery, and 20 days thereafter in which to file a complaint. All defendants object except KK Motorcycle supply which has not filed an answer. All proceedings have been stayed pending a resolution of this issue.

Since no complaint has been filed the only basis upon which we can determine any facts upon which to act upon plaintiff's petition is by examining the averments in that petition. Plaintiff claims that his cause of action arose out of a motorcycle accident on August 11, 1984. The petition does not set forth where or how the accident occurred but simply avers that the helmet which he was wearing at the time was not marked with the name of the manufacturer. While apparently suing the manu-

---

1. Of course, John Doe Distributors and John Doe Manufacturer have not been served. The significance, if any, of such captioning is not presently before us.

facturer he believes made the helmet, together with the companies he believes distributed the helmet, in addition to the Pennsylvania Department of Transportation, plaintiff maintains that precomplaint discovery would "eliminate problematic matters which may be raised in the future through preliminary objections" and would "result in more effective and efficient presentation and pleading" of his case.

There is some authority to support the allowance of precomplaint discovery in certain limited and controlled situations. See Goodrich-Amram, 2d Section 4001(C):3. Several courts have suggested that precomplaint discovery may be permitted upon carefully constructed limitations and a showing that without the discovery a complaint could not be drafted. See *Pustilnik v. SEPTA,* 45 D. & C. 2d 799 (1968); *Martin v. Hodlofski,* 53 D. & D. 2d 144 (1971); *Crown Marketing Equipment Company v. Provident National Bank,* 3 D. & C. 3d 364 (1977).

We are at a loss to conclude from the averments in plaintiff's petition, that without precomplaint discovery, he cannot draft a complaint. He knows where and how the accident happened; therefore, if the Department of Transportation is negligent, he can plead the material facts in support of a cause of action as required by Pa. R.C.P. 1019(a). If Griffin Products, Inc. made the helmet and it was distributed by KK Motorcycle Supply and Ed Tucker Distributors, he can plead a cause of action in negligence and/or product liability against those entities. If it turns out that Griffin Product Supply, Inc. did not make the helmet and KK Motorcycle Supply or Ed Tucker Distributors did not distribute it, they will obviously find a way to be removed from the case. Whether that occurs does not affect the ability of the plaintiff to plead the factual averments to support a cause of action upon his belief that the helmet

was manufactured and distributed by those entities.

Plaintiff simply has not set forth in his petition averments necessary to form a sufficient basis for subjecting defendants to precomplaint discovery. To grant the motion with respect to any of the defendants would substantially delay the case to the prejudice of all of them.[2] Accordingly, the following order is entered.

## ORDER OF COURT

And now, this January 20, 1987, it is ordered that:

(1) The rule granted against all named defendants to show cause why plaintiff should not be allowed to conduct precomplaint discovery, is dismissed.

(2) The order entered by this court on September 10, 1986 upon plaintiff's application for a final decree, is dissolved.

(3) This court's order of September 9, 1986, staying all proceedings, is dissolved. Plaintiff shall file a complaint against the named captioned defendants within 20 days of this date.

---

2. Plaintiff notes that only PennDOT has timely objected to his petition. While this is true, we may liberally construe technical procedural rules regarding time limitations so as not to affect the substantial rights of the parties. See Pa.R.C.P. 126; *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978).