## Boyd v. Mallard Glen Limited Partnership

*Allen H. Smith,* for plaintiff.
*William H. Neff* and *Steven M. Hovis,* for defendant.

ERB, *J.,* October 17, 1991—This matter comes before the court on defendant's Mallard Glen Limited Partnership, motion to reinstate the appeal of a judgment of a district justice, which had been stricken on a rule to show cause. For the following reasons, we will grant defendant's motion to reinstate the appeal.

The relevant procedural background is as follows. District Justice Vera Mulherin entered judgment against defendant in favor of plaintiff, Ray Boyd, on February 27, 1991. An appeal from the above judgment was filed by defendant on March 13, 1991.

On April 1, 1991, defendant sent notice of appeal and rule to file a complaint by certified mail to plaintiff and District Justice Vera Mulherin. The proof of service was clocked in at the Office of Prothonotary on April 4, 1991.

On April 16, 1991, plaintiff filed a praecipe to strike appeal pursuant to 42 Pa.R.D.J. 1008. On April 26, 1991, defendant filed a rule to show cause on plaintiff with its motion to reinstate appeal. Plaintiff's answer was filed May 1, 1991.

Defendant admits that "due to a clerical error," the notice of appeal and rule to file a complaint was not served nor filed within the five-day period as required by Pa.R.D.J. 1005(B).

Defendant's argument is that Pa.R.D.J. 1002 and 1005 command a 30-day deadline for appeal, and proof of service must be filed within five days after

filing the notice of appeal. Defendant filed, with prothonotary, its appeal within 15 days of judgment. It claims that it filed its notice as soon as the clerical error was discovered, before the deadline it would have had if it had availed itself of its full statutory appeal. It is their position that good cause has been demonstrated, permitting reinstatement of its appeal.

Plaintiff's position is that since judgment was entered by the district justice on February 27, 1991, defendant did not file notice of service within the statutory deadline for appeal. He further denies that this is relevant because, "Appellant chose to file its appeal on March 13, 1991, and was required to comply with Pa.R.D.J. 1006 in all respects as to service and proof."

This court recognizes that an unexplained "clerical error" is without merit and is no reason for failure to comply with rules of court. However, we find that there is no prejudice to plaintiff, apparent or alleged, in the defendant's late filing. Before plaintiff could have proceeded to enter judgment with prothonotary, he would have had to determine whether the notice, rule and proof of service was filed. It would have been premature for plaintiff to check the docket prior to the end of the 30-day statutory appeal period plus the five day service requirement, pursuant to Pa.R.D.J. 1002 and 1006. Plaintiff could have anticipated notice of the appeal any time prior to April 3, 1991.

Since we can find no prejudice to plaintiff, we recognize the principles enunciated in 42 Pa.R.C.P. 126 as clarified by *Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280 (1978), which states that rules of civil procedure are to be construed liberally. The liberal construction is "to secure the just, speedy and inexpensive determination" of cases, and that

courts "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." *Id.* at 179.

An unexplained clerical error, in and unto itself, is not an extenuating circumstance that warrants the good cause exception to a strict adherence to Pa.R.D.J. 1005(b). However, the attempt to cure the notice of service error occurred within the time frame that could have been statutorily anticipated by plaintiff, (30 days to file the appeal plus five days in which to serve notice), for notice of challenge to the district justice's judgment. This additional factor leads the court to conclude that good cause has been shown for reinstatement of the appeal. Accordingly, we enter the following order.

## ORDER

And now, to wit, October 17, 1991, the motion of defendant, Mallard Glen Limited Partnership, to reinstate the appeal taken from District Justice Mulherin's judgment is hereby granted.

The prothonotary is directed to provide notice of this opinion and order as directed by law.