Edward C. LECKEY, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS- PORTATION.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 2008.

Decided June 16, 2008.

Edward C. Leckey, Pittsburgh, for ap- pellant.

Kemal Alexander Mericli, Sr. Deputy Attorney General, Pittsburgh and Calvin R. Koons, Sr. Deputy Attorney General, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH– RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

Edward C. Leckey (Leckey) appeals from the January 25, 2007, entry of judg- ment in the Court of Common Pleas of Allegheny County (trial court) in favor of the Commonwealth of Pennsylvania, De- partment of Transportation (DOT) after the trial court excluded Leckey's documen- tary evidence on damages under Pa. R.C.P. No. 1311.1 (Rule 1311.1) and grant- ed DOT's motion for nonsuit. We vacate and remand.

Leckey filed a negligence action against DOT in the arbitration division of the trial court, seeking damages for the cost of repairing his automobile following an auto accident on May 4, 2003. The board of arbitrators issued a decision in favor of

DOT, and Leckey filed an appeal with the trial court.[1]

DOT served Leckey with a Request for Production of Documents, in which DOT sought, *inter alia,* all documents Leckey intended to offer as evidence at trial. (R.R. at 16a.) When Leckey failed to respond in a timely manner, DOT filed a motion for sanctions. (DOT's motion for sanctions.) After considering the matter, the trial court issued an order on October 11, 2006, requiring that Leckey answer DOT's discovery request within five days, i.e., by October 16, 2006. (Trial ct. order of 10/11/06.)

Also on October 11, 2006, Leckey filed with the trial court a copy of his Pretrial Statement, which listed the documents he intended to offer as evidence at trial, as well as the witnesses whose testimony he intended to present.[2] (Leckey's Pretrial Statement, date stamp; R.R. at 56a–57a.) Leckey's document list included bills for the repairs to his automobile totaling $2,518.61.[3]

On October 12, 2006, DOT filed its Pretrial Statement. DOT's list of exhibits included "all documents referred to by [Leckey's] Pretrial Statement . . . related to alleged damages." (DOT's Pretrial Statement at 2, ¶ 11.) Subsequently, DOT filed a second motion for sanctions against Leckey related to DOT's Request for Production of Documents. (DOT's second motion for sanctions.) In response, Leckey asserted that, in answering DOT's discovery request, he informed DOT that he already provided DOT with the documents listed in Leckey's Pretrial Statement, i.e., the documents Leckey intended to offer as evidence at trial. (Leckey's answer to the second motion, ¶ 12.) The trial court denied DOT's second motion for sanctions. (Trial ct. order of 11/3/06.)

At the November 14, 2006, hearing before the trial court, DOT objected to the admission of Leckey's documentary evidence on damages because Leckey failed to comply with Rule 1311.1. (R.R. at 43a.) This rule provides, in relevant part:

> (a) The plaintiff may **stipulate to $25,000.00** as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators. The stipulation shall be **filed and served** upon every other party at least **thirty days from** the date the appeal is first listed for **trial.**
>
> (b) If the plaintiff has filed and served a stipulation as provided in subdivision (a), any party may offer at trial the documents set forth in Rule 1305(b)(1).[4] The **documents offered shall be admitted if** the party offering them has provided written **notice** to every other party of the intention to offer the documents at trial **at least twenty days from** the date the appeal is first listed for **trial.** The written notice shall be accompanied by a copy of each document to be offered.

Rule 1311.1(a)-(b) (emphasis added). DOT stated, "Now, I will concede I was aware of these documents. It's not like I'm coming in here saying to the Court that I was not aware of them. I was aware of the

---

1. On appeal from the decision of an arbitrator, the trial shall be *de novo.* Pa. R.C.P. No. 1311(a).

2. Leckey served DOT with a copy of his Pretrial Statement on October 5, 2006. (Leckey's Pretrial Statement, Proof of Service.)

3. The only witnesses identified in the Pretrial Statement were Leckey and a witness who was to testify regarding liability, but **not** damages. (R.R. at 56a.)

4. The documents set forth in Pa. R.C.P. No. 1305(b)(1) include bills or other documents evidencing charges incurred.

documents." (R.R. at 43a.) "I stipulate that I had those documents. I'm not denying that. I stipulate that I had those [documents] in advance...." (R.R. at 50a.) Nevertheless, DOT argued that Leckey failed to give the notice, **as set forth in Rule 1311.1,** that he would be offering the documents as evidence. (R.R. at 43a.) The trial court felt compelled to sustain DOT's objection, stating, "I'm sorry," but "I have to sustain" DOT's objection because "Rule 1311 is ... a 'shall' rule. It's a mandatory rule." (R.R. at 44a, 46a.)

Once the trial court excluded the documents Leckey offered to establish damages, DOT moved for a nonsuit, and the trial court granted the motion. Leckey filed a petition for post-trial relief, which the trial court denied. Leckey now appeals to this court.[5]

Leckey argues that the trial court erred in excluding his documentary evidence under Rule 1311.1. Leckey contends that, although technically he did not file and serve a "stipulation" under Rule 1311.1(a) and provide "notice" under Rule 1311.1(b), he substantially complied with the rule by filing and serving his Pretrial Statement and by responding to DOT's discovery request. We agree.

In addressing whether Leckey substantially complied with Rule 1311.1, we look to Pa. R.C.P. No. 126 (Rule 126), which provides:

The rules shall be liberally construed to secure the **just, speedy and inexpensive** determination of every action or proceeding to which they are applicable. **The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.**

Rule 126 (emphasis added). In *Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006), our supreme court explained the rationale for Rule 126:

It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and take a dim view of litigants who flout them. That said, **we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice.** It is for this reason that we adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding **may** disregard any error or defect of procedure which does not affect the substantial rights of the parties." With this language, we **incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126,** giving the trial courts the latitude to **overlook any "procedural defect" that does not prejudice a party's rights.** Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, **we made Rule 126 a rule of universal application,** such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply.

---

5. The admission of evidence is committed to the sound discretion of the trial court, and a decision on the admissibility of evidence can be reversed only for abuse of that discretion. *Antonini v. Western Beaver Area School District,* 874 A.2d 679 (Pa.Cmwlth.2005).

*Id.* at 267–68, 908 A.2d at 276 (citations omitted) (emphasis added).

Our supreme court then cited *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978), as an example of the proper application of Rule 126. In *Pomerantz,* the losing party filed a motion for a new trial instead of filing exceptions pursuant to the rules of procedure. The prevailing party filed a motion to dismiss. The movant responded that, but for the title on his pleading, he complied with the rules of procedure. The trial court granted the motion to dismiss, and our superior court affirmed. However, our supreme court reversed under Rule 126 because the motion for a new trial contained exceptions and because the motion was filed within the timeframe for exceptions. *Womer.*

We conclude that Rule 126 governs in this case. Leckey substantially complied with Rule 1311.1(a) because he served and filed his Pretrial Statement by October 11, 2006, thirty days before the November 14, 2006, trial date, and because the Pretrial Statement contained a stipulation that damages were less than $25,000.00. Leckey also substantially complied with Rule 1311.1(b) because: (1) Leckey notified DOT in his Pretrial Statement of the documents Leckey intended to offer as evidence at trial; (2) Leckey notified DOT in his Pretrial Statement that no witnesses would be present to authenticate the documents being offered to establish damages; (3) Leckey informed DOT in his answer to the Request for Production of Documents, which the trial court ordered Leckey to complete by October 16, 2006, that DOT had copies of the documents; and (4) Leckey gave DOT such notice at least twenty days from the November 14, 2006, trial date. As in *Pomerantz,* Leckey did all that Rule 1311.1 required except to title his documents in accordance with the rule.[6]

Accordingly, we vacate and remand.[7]

### ORDER

AND NOW, this 16th day of June, 2008, the entry of judgment in the Court of Common Pleas of Allegheny County (trial court), dated January 25, 2007, is hereby vacated, and this case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

**DISSENTING OPINION BY President Judge LEADBETTER.**

I must respectfully dissent. First, I do not agree that Mr. Leckey "substantially complied" with Rule 1311.1. While he stated damages in his pretrial statement, Mr. Leckey did not attach any documents and did not include all the elements of the form specifically required by Rule 1311.1(e). It may be true, as Appellant

---

**6.** Rule 1311.1(e) provides a form for the stipulation required by subsection (a), indicating that the stipulation "shall be substantially" in that form. Rule 1311.1(f) provides a form for the notice required by subsection (b), indicating that the notice "shall be substantially" in that form. In other words, the rule does not require strict adherence to the forms set forth in the rule.

**7.** In reaching this result, we note that, under Rule 126, this court is required to liberally construe Rule 1311.1 to secure a just, speedy and inexpensive determination. There is no justice in throwing Leckey out of court for a procedural defect that did not prejudice DOT. Moreover, requiring Leckey to authenticate all of his documents does not promote a speedy determination in this case, and requiring Leckey to send DOT duplicate copies of all of his documents does not promote an inexpensive determination in this case involving only $2,518.61 in damages.

avers, that some of these documents were given to PennDOT at the arbitration hearing and the remaining ones were given at a later date. However, Rule 1311.1 applies in the situation of a trial de novo and so clearly contemplates that the opposing party may already be in possession of the documentary evidence from the arbitration hearing.

Nonetheless, since it does not appear that DOT was actually prejudiced in this situation, I might agree with the majority's decision to overlook Mr. Leckey's failure to comply with the rule if he were not an attorney, or if he were representing a client who would suffer because of his lawyer's negligence. However, Mr. Leckey *is* an attorney and he represents only himself in this case. Rule 1311.1 is simple, clear and explicit. It provides a form that anyone, even a *pro se* litigant, can easily follow, and there is no excuse for an attorney to fail to do so. Indeed, Mr. Leckey has suggested no reason why he chose to ignore the rule and adopt his own idea of the appropriate notice to give opposing counsel. Presumably, he simply didn't bother to check the rule, but that is a lawyer's job. Furthermore, as the majority opinion points out, Mr. Leckey served his pretrial statement and produced the additional documents only after DOT had moved for sanctions because Mr. Leckey had ignored its request for production of documents. Our procedural rules are not suggestions, and if the courts adopt the attitude that they do not matter, I do not understand how we can expect the Bar to respect them.

While the trial judge had discretion to waive the rule, he also had discretion to enforce it and, under the circumstances presented here, I would affirm his ruling.

Judge COHN JUBELIRER joins in this dissenting opinion.