J-S70029-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JEANNINE H. SCHAEFER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK FARLEY, M.J. FARLEY | : | |
| DEVELOPMENT CO., INC. AND | : | |
| FARLEY HOMES, | : | |
| | : | |
| Appellants | : | No. 1083 EDA 2015 |

Appeal from the Order March 10, 2015,
Court of Common Pleas, Chester County,
Civil Division at No. 12-09569

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED DECEMBER 11, 2015**

Mark Farley, M.J. Farley Development Co., Inc. and Farley Homes (collectively, "the Farley Parties") appeal from the March 10, 2015 order entered by the Chester County Court of Common Pleas granting the motion to enforce the settlement agreement between the Farley Parties and Jeannine H. Schaefer ("Schaefer").  We affirm.

The trial court provided the following summary of the factual and procedural background of this case:

> In 2003, [] Schaefer entered into an agreement with [the Farley Parties] to sell [] real property to [the Farley Parties].  The agreed purchase price was $1,462,500.00.  [The Farley Parties], who intended to develop the property, [were] responsible for securing all necessary approvals, permits, etc. in order to obtain governmental approvals.

*Retired Senior Judge assigned to the Superior Court.

As the years passed, [the Farley Parties] failed to act in furtherance of the agreement of sale. Specifically, [the Farley Parties] failed to proceed and obtain the required approvals from the Zoning Hearing Board and other Township authorities.

In September[] 2012, Schaefer filed the instant action seeking to spur [the Farley Parties] into moving forward. From 2003 through the time of suit, Schaefer had continued to pay real estate taxes and upkeep costs on the property.

In or about this time period, Schaefer had received an offer to purchase the property from a bona fide third-party purchaser for $1,362,500.00. [The Farley Parties] then filed a lis pendens in Chester County Office for the Recorder of Deeds. Thus, because of the agreement of sale in place, and a lis pendens attached to the property by [the Farley Parties], Schaefer was prevented from accepting that offer.

The instant matter proceeded to its scheduled [a]rbitration on March 5, 2014. At that time, the parties entered into a settlement agreement to resolve the underlying litigation. Pursuant to the terms of the agreement, the settlement on the property was to take place no later than December 31, 2014. [The Farley Parties were], once again, tasked with securing the necessary approvals. The settlement did not take place on December 31, 2014.

Trial Court Opinion, 7/15/15, at 1-2.

On February 10, 2015, Schaefer filed a motion before the trial court to enforce the settlement agreement and to recover attorneys' fees based upon the Farley Parties' failure to comply with the settlement agreement. According to Schaefer, the Farley Parties' "dilatory behavior has caused

[Schafer] to incur unnecessary counsel fees in order to enforce the [settlement agreement, including] requir[ing] counsel to conduct further research, prepare and file [this motion] and several exhibits, as well as other related matters." Motion to Enforce Settlement, 2/10/15, ¶ IV. The trial court granted the motion on March 10, 2015 and "further ordered that attorneys [sic] fees incurred in enforcing the settlement are awarded upon presentation of a fee petition." Trial Court Order, 3/10/15. The Farley Parties filed a motion for reconsideration on March 25, 2015. Therein, the Farley Parties raised a defense of impossibility of performance because "at this time[,] parcel numbers have not been issued," which the Farley Parties stated would have been raised at the "administrative conference" that was to occur but was never scheduled. Motion for Reconsideration, 3/25/15, ¶¶ 6-10. The Farley Parties further averred that Schaefer's motion failed to conform to Rule 208.2 of the Pennsylvania Rules of Civil Procedure, "which requires a motion to be divided into paragraphs numbered consecutively," as Schaefer's motion was in a narrative form. *Id.* ¶ 22. The Farley Parties appended to the motion for reconsideration preliminary objections that were sent for filing, but for reasons unknown, were never docketed, which likewise raised a violation of Rule 208.2.

The trial court denied the Farley Parties' motion for reconsideration on April 7, 2015. The Farley Parties filed a timely notice of appeal on April 8, 2015, and complied with the trial court's order for the filing of a concise

statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

On appeal, the Farley Parties raise one issue for our review: "Whether the trial court erred in law by granting [Schaefer]'s [m]otion to [e]nforce [s]ettlement and awarding attorney's fees." The Farley Parties' Brief at 4. Although phrased as a single issue in the statement of questions involved, the Farley Parties present three separate issues in the argument section of their brief on appeal. **Compare id.** at 4 **with id.** at 11-16.

For their first issue on appeal, the Farley Parties argue that the trial court erred by granting Schaefer's motion to enforce the settlement agreement because Schaefer failed to file a praecipe for determination pursuant to Chester County Rule of Civil Procedure ("C.C.R.C.P.") 206.6. The Farley Parties' Brief at 11. The Farley Parties contend that in order for a party to bring a matter to the trial court for resolution, C.C.R.C.P. 206.6 requires that party to file a praecipe for determination. **Id.** The Farley Parties assert that Schaefer's failure to file a praecipe for determination with her motion to enforce settlement precluded that motion from being ripe for resolution by the trial court. **Id.**

We conclude that the Farley Parties have waived their first issue on appeal. "It is well settled that issues not raised below cannot be advanced for the first time in a Rule 1925(b) statement or on appeal." **Irwin Union Nat'l Bank & Trust Co. v. Famous**, 4 A.3d 1099, 1104 (Pa. Super. 2010);

*see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). The Farley Parties raise their first issue for the first time in their Rule 1925(b) statement and did not raise it at any time before the trial court. Accordingly, the Farley Parties have waived their first issue on appeal.

For their second issue on appeal, the Farley Parties argue that the trial court erred by granting Schaefer's motion to enforce the settlement agreement because the motion was not divided into consecutively numbered paragraphs as required by Rule 208.2 of the Pennsylvania Rules of Civil Procedure. The Farley Parties' Brief at 11-13. The Farley Parties contend that Schaefer's failure to comply with Rule 208.2 inhibited their ability to respond to Schaefer's motion to enforce the settlement agreement because their "response would be disconnect[ed] and not in accordance with the Pennsylvania Rules of Civil Procedure." *Id.* at 12.

"Interpretation and application of Pennsylvania Rules of Civil Procedure present a question of law." *Krepps v. Snyder*, 112 A.3d 1246, 1251 (Pa. Super. 2015). Accordingly, our scope of review is plenary and our standard of review is de novo. *Id.*; *Keller v. Mey*, 67 A.3d 1, 5 (Pa. Super. 2013) Rule 208.2 of the Pennsylvania Rules of Civil Procedure states, in pertinent part, as follows:

(a) A motion shall

(1) contain a caption setting forth the name of the court, the number of the action, the name of the motion, and the name of the moving party,

**(2) be divided into paragraphs numbered consecutively,**

(3) set forth material facts constituting grounds for the relief sought, specify the relief sought and include a proposed order,

(4) include a certificate of service which sets forth the manner of service including the name of an attorney of record for each party that is represented by counsel, the party whom the attorney represents, a "pro se" designation for each party that is unrepresented, and the address at which service was made, and

(5) be signed and endorsed.

Pa.R.C.P. 208.2(a) (emphasis added).

Rule 126 further provides that

[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. In **Green Acres Rehab. & Nursing Ctr. v. Sullivan**, 113 A.3d 1261 (Pa. Super. 2015), our Court provided the following explanation of Rule 126:

Under the doctrine of substantial compliance, the trial court may "overlook any procedural defect that does not prejudice a party's rights." **Womer v. Hilliker**, 908 A.2d 269, 276 (Pa. 2006) [].

- 6 -

"[P]rocedural rules are not ends in themselves, and … rigid application of [the Rules] does not always serve the interest of fairness and justice." ***Id.***

\*    \*    \*

Rule 126 allows an equitable exception for parties "who commit a misstep when attempting to do what any particular rule requires." [***Id.***] Rule 126 does not excuse a party's complete noncompliance with the rules, but Rule 126 "is available to a party who makes a substantial attempt to conform." ***Id.*** at [] 278 (holding there was no compliance, where party failed to take any steps to conform with Rule 1042.3 for filing certificate of merit); ***Pomerantz v. Goldstein***, [] 387 A.2d 1280, 1281 ([Pa.] 1978) (holding appellant substantially complied with Rule 1038(d) for filing exceptions, although pleading was erroneously titled motion for new trial, and appellee suffered no prejudice when trial court considered appellant's pleading).

***Id.*** at 1272-73.

We conclude that the trial court did not err by granting the motion to enforce the settlement agreement despite Schaefer's failure to fully comply with Rule 208.2(a). First, the certified record reflects that Schaefer substantially complied with Rule 208.2(a). Schaefer's motion to enforce the settlement agreement contains a caption setting forth the name of the court, the number of the action, the name of the motion, and the name of the moving party. ***See*** Motion to Enforce Settlement, 2/10/15, at 1; Pa.R.C.P. 208.2(a)(1). The motion also details the material facts constituting the grounds for the relief sought and specifies the relief sought. ***See*** Motion to Enforce Settlement, 2/10/15, at 1-3; Pa.R.C.P. 208.2(a)(3). The motion

includes a certificate of service that sets forth the manner of service, which provides the name of an attorney of record for each party that is represented by counsel, the party whom the attorney represents, and the address at which service was made. *See* Motion to Enforce Settlement, 2/10/15; Pa.R.C.P. 208.2(a)(4). Finally, the motion is signed and endorsed. *See* Motion to Enforce Settlement, 2/10/15, at 6; Pa.R.C.P. 208.2(a)(5).

Second, upon reviewing Schaefer's motion to enforce the settlement agreement, we fail to see how the non-compliant motion prevented the Farley Parties from responding or how it prejudiced them in any manner. The motion provided the Farley Parties with the information necessary to formulate a response. The motion clearly and unambiguously states that Schaefer was seeking to enforce the settlement agreement as well as attorney's fees, and the basis for the relief requested. Therefore, the Farley Parties' allegation that Schaefer's failure to fully comply with Rule 208.2 prevented them from responding in any fashion represents little more than a bald and unsupported allegation of prejudice. Accordingly, the Farley Parties' second issue does not entitle them to relief.

For their third issue on appeal, the Farley Parties argue that the trial court erred by awarding Schaefer attorney's fees upon the presentation of a fee petition. The Farley Parties' Brief at 13-16. The Farley Parties contend that there is no provision in the settlement agreement that provides for attorney's fees and regardless, they assert that they complied with the

terms of the settlement agreement. *Id.* at 13-14. Additionally, the Farley Parties claim that the trial court erred in awarding attorney's fees because the trial court did not make a specific finding of objectionable conduct as it was required to do under Pennsylvania law. *Id.* at 15. Furthermore, the Farley Parties argue that a court cannot award attorney's fees for conduct that occurred prior to the pendency of a matter. *Id.* at 16.

We conclude that the Farley Parties have waived their third issue on appeal. Like their first issue, the Farley Parties failed to raise this claim of error before the trial court and raised the issue for the first time in their Rule 1925(b) statement. Accordingly, we conclude that the Farley Parties' third issue is waived. *See Famous*, 4 A.3d at 1104; *see also* Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/11/2015</u>