J-A02018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| KIMBERLY MILLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. ORR | : | No. 725 WDA 2019 |

Appeal from the Decree Entered May 10, 2019
In the Court of Common Pleas of Butler County Civil Division at No(
F.C. No. 15-90762-D

BEFORE:   SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                            FILED JUNE 03, 2020

Appellant, Kimberly Miller ("Wife"), appeals from the decree entered on May 10, 2019 in the Court of Common Pleas of Butler County.  We vacate the trial court's October 24, 2018 order accepting, adopting, and incorporating the master's report and recommendations into its final order as well as its January 30, 2019 order granting the motion to quash Wife's exceptions as untimely filed by Michael J. Orr ("Husband").  We remand for consideration of Wife's exceptions.

The trial court summarized the relevant facts and procedural history of this case as follows.

> Wife and Husband, married on August 31, 2013.]  Wife filed a complaint in divorce on November 10, 2015.  On October 17, 2017, th[e] matter was referred to a master to determine equitable distribution.  On May 31, 2018, the master mailed and [electronically mailed] the report and recommendation to the parties.  On June 5, 2018, the

master filed the report and recommendation with the Butler County Prothonotary and it was docketed on that date. On June 21, 2018, [Wife] filed exceptions to [the] master's report and recommendation[.] On July 3, 2018, [Husband] filed a motion to quash Wife's exceptions as untimely filed[. Thereafter, the trial court] entered an order scheduling a hearing on Husband's motion for September 27, 2018. On July 17, 2018, [Wife] filed a response to [Husband's] motion to quash . . . and [a] request for leave to extend the time for filing exceptions to June 21, 2018.

Following the hearing on September 27, 2018, the court issued [an order] . . . grant[ing] [Husband's] motion and quashed [Wife's] exceptions[. The trial court did not provide any explanation for its decision. In addition, the trial court] accepted and adopted the master's report and recommendation and specifically incorporated [it] into this final order. On November 21, 2018, [Wife] filed a motion for reconsideration[. The trial court granted Wife's motion] on December 6, 2018 . . . and scheduled a hearing for January 4, 2019[.]

[After] the hearing on January 4, 2019, the court issued two [] orders[. On January 29, 2019, the trial court] denied [Wife's] request for leave to extend the time to file exceptions. [On January 30, 2019, the trial court issued an order] grant[ing] [Husband's] motion to quash [W]ife's exceptions[.] Then, on April 11, 2019, the court directed the Prothonotary to prepare a decree in divorce. [On May 10, 2019, the trial court entered a decree of divorce

dissolving the matrimonial bond between Husband and Wife.
This timely[1] appeal followed.][2]

Trial Court Opinion, 7/15/19, at 1-2 (internal quotation marks and superfluous

capitalization omitted) (footnotes added).

Wife raises the following issues on appeal:

    I.    Whether the trial court erred and abused its discretion in granting Husband's motion to quash [Wife's] exceptions for untimely filing?

    II.    Whether the trial court erred and abused its discretion in denying Wife's request for leave to extend exceptions filing date when Wife requested an extension prior to the entry of a divorce decree and it is undisputed that [Husband would not suffer prejudice?]

    III.    Whether the trial court erred and abused its discretion in denying Wife's motion for reconsideration and stating that Wife [could not] direct the court to any authority permitting

_____

[1] Husband argues that this Court should quash the instant appeal as untimely. Specifically, Husband contends that, because the trial court's October 23, 2018 order "adopt[ed], accept[ed] and specifically incorporat[ed] the equitable distribution provisions of the [m]aster's [r]eport and [r]ecommendation" it was "final and appealable on that day," and Wife's failure to file a notice of appeal until May 10, 2019 renders her appeal untimely. Husband's Brief at 11. Husband's argument lacks merit. Pre-divorce equitable distribution orders are not final and appealable. Fried v. Fried, 501 A.2d 211 (Pa. 1985). Similarly, spousal support orders, when entered during the pendency of a divorce, are interlocutory and unappealable. Leister v. Leister, 684 A.2d 192 (Pa. Super. 1996) (en banc). Accordingly, Wife could not have appealed the earlier orders until the divorce decree was entered. Herein, the trial court docketed the divorce decree on May 10, 2019. Wife filed her notice of appeal that same day. Thus, Wife's appeal is timely.

[2] Wife filed a notice of appeal on May 10, 2019. On May 22, 2019, the trial court issued an order directing Wife to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Wife timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 15, 2019.

the time limit at issue in this case to be ignored when Wife provided several procedural rules of court and cases which supported the same?

IV. Whether the trial court erred in relying on . . . Sipowicz v. Sipowicz, 517 A.2d 960 (Pa. Super. 1986) when no request for [an] extension was ever made in that case and the issue of untimeliness was only raised at the appellate level and not before the trial court?

Wife's Brief at 10 (superfluous capitalization omitted).

All of Wife's issues are interrelated, so we will examine them together. Wife's overarching argument is that the trial court erred in granting Husband's motion to quash her exceptions to the master's report and recommendation as untimely filed. Specifically, Wife argues that the trial court should have applied Pa.R.C.P. 126 and permitted the late-filing of her exceptions because she substantially complied with Pa.R.C.P. 1920.55-2 and Husband was not prejudiced by the one-day delay. We agree.

"Interpretation and application of Pennsylvania Rules of Civil Procedure present a question of law. Accordingly, our scope of review is plenary." Krepps v. Snyder, 112 A.3d 1246, 1251 (Pa. Super. 2015), citing Keller v. Mey, 67 A.3d 1, 5 (Pa. Super. 2013).

Pa.R.C.P. 1920.55-2 provides, in pertinent part:

(b) Within twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by

exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

Pa.R.C.P. No. 1920.55-2(b).

Pennsylvania Rule of Civil Procedure 126 states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

Our Supreme Court previously explained the interaction between Rule

126 and the remaining Rules of Civil Procedure as follows:

It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and take a dim view of litigants who flout them. See Wood v. Ganett, 46 A.2d 321, 324 (Pa. 1946). That said, we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. Pomerantz v. Goldstein, 387 A.2d 1280, 1281 (Pa. 1978). It is for this reason that we adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. No. 126. With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "procedural defect" that does not prejudice a party's rights. Sahutsky v. H.H. Knoebel Sons, 782 A.2d 996, 1001 (Pa. 2001)[, quoting] Kurtas v. Kurtas, 555 A.2d 804, 806 (Pa. 1989) (emphasis [omitted]); Pomerantz, 387 A.2d at 1281. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any

such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply. See id.

Womer v. Hilliker, 908 A.2d 269, 276 (Pa. 2006) (parallel citations omitted).

Herein, we conclude that the trial court did, in fact, err in quashing Wife's exceptions as untimely. Upon review of the certified record, it is apparent that Wife substantially complied with Rule 1920.55-2 and Husband did not suffer prejudice.

The master mailed the report and recommendation to the parties on May 31, 2018. As such, Wife's exceptions were due on June 20, 2018. See Pa.R.C.P. 1920.55-2(b) (party may file exceptions within 20 days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first). The master, however, did not file the report with the Prothonotary's office until June 5, 2018. Wife's counsel explained during the September 27, 2018 hearing that her office mistakenly used the filing date of the master's report, not its mailing date, to calculate the date that exceptions were due. See N.T. Hearing, 9/27/18, at 3-4. As a result, Wife's counsel filed her exceptions on June 21, 2018. In our view, Wife's brief, one-day delay is tolerable as it represents the "precise[] type of procedural defect that Pa.R.C.P. 126 contemplates." Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP, 28 A.3d 916, 925 (Pa. Super. 2011) (explaining that counsel's "clerical oversight" warranted the application of Rule 126 when a motion was filed only eight days after the deadline). Moreover, we conclude that the one-day delay

in filing did not prejudice Husband.  In fact, during the September 27, 2018 hearing, Husband's counsel stated:

> I do not, Your Honor, contend that the one-day delay cause[d] prejudice.  That [is] . . . not a meritorious argument.

N.T. Hearing, 9/27/18, at 5.  Accordingly, based on Wife's substantial compliance and the lack of prejudice to Husband, we conclude that the trial court erred in its hypertechnical application of Pa.R.C.P. 1920.55-2.[3]

We therefore vacate the trial court's October 24, 2018 order accepting, adopting, and incorporating the master's report and recommendations into its final order as well as its January 30, 2019 order granting Husband's motion to quash Wife's exceptions as untimely and remand for consideration of Wife's exceptions.

---

[3] We also note that Pa.R.C.P. 1920.55-2, itself, permits a trial court to grant leave to file exceptions at "any time" if the request is made "prior to [the] entry of the final decree."  Pa.R.C.P. No. 1920.55-2.  Herein, on July 17, 2018, approximately 10 months prior to the entry of the final decree, Wife requested leave to extend the time for filing exceptions.  The trial court denied Wife's request.  This represents an unwarranted elevation of procedure over substance which is incompatible with our rules.  See Womer, 908 A.2d at 276 ("[R]igid application of our rules does not always serve the interests of fairness and justice."); see also Krepps, 112 A.3d at 1253 (explaining that "the trial court [did not err] when it applied Rule 126 to override Rule 4014(b)'s thirty-day response time" because Pa.R.C.P. 4014(b) expressly "permits the court to extend the time for parties to respond to requests for admissions.").

Orders dated October 24, 2018 and January 30, 2019 vacated. Case remanded for consideration of Wife's exceptions. Jurisdiction relinquished.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2020

---

[4] The Prothonotary of this Court is hereby ordered to return the record to the trial court.